Laub v. Rudd.

---

LAUB v. RUDD <em>et al.</em>

1. **Promissory note**: NOTE PAYABLE TO BEARER: LATENT DEFENSES. The negotiation of a note payable to a payee or bearer, to another than and not to such payee, is not of itself sufficient to charge the person so receiving it with notice of latent equities.

2. —— D. and R. executed a note payable to J. or bearer. The note was joint in form, but D. was in fact only surety therein. The understanding was that R. was to negotiate this note to J. for a yoke of cattle and execute a

Laub v. Rudd.

chattel mortgage thereon to D. for the purpose of indemnifying him. R. instead traded the note to L. for a yoke of cattle, the latter knowing that it was intended that the note should be negotiated to J. for a yoke of cattle, suspecting that D. was only surety, but having no knowledge that D. was to have a chattel mortgage. *Held*, that D. was liable to L. on the note.

3. **Surety:** DISCHARGE OF. The indorsement of a credit on a note at the time of its negotiation is not such an alteration as will discharge a surety thereon.

*Appeal from Crawford District Court.*

SATURDAY, DECEMBER 13.

ACTION upon a note executed by Sidney R. Rudd and S. E. Dow, for the sum of $160, payable to Lewis Jackson or bearer.

The defendant S. E. Dow alone was served with notice and filed an answer. The cause was tried by the court, and a finding of facts, which is fully supported by the evidence, was made as follows: That the defendant S. E. Dow signed the note in suit at the request of defendant Sidney R. Rudd, as his surety, and with the understanding and agreement between them that the note was to be given to Lewis Jackson for a yoke of cattle which Rudd was about to purchase of said Jackson, and that when said purchase should be completed, Rudd was to indemnify Dow against his liability on said note, by giving to him a chattel mortgage on said cattle.

That when said note was executed by this defendant and said Rudd, it was left in the hands of said Rudd, but he did not consummate the purchase of said cattle of Jackson, and never delivered the note to him.

That five days after the execution of said note, Rudd purchased of the plaintiff a yoke of cattle and gave said note to plaintiff therefor; and there being a difference of six dollars and twenty-five cents between the amount of the note and the price of the cattle, that amount was then entered on the back of said note as a credit thereon.

The plaintiff at the time of said sale knew that Rudd was purchasing said cattle for himself. He also knew that the note

was made with the expectation that it would be given to Jackson for a yoke of cattle which Rudd had expected to buy of Jackson, and that he had not bought the same. He suspected but had no actual knowledge that Dow had signed the note as surety, and he had no notice that Dow signed the note with an understanding that Rudd was to indemnify him against liability on the same by a mortgage on the Jackson cattle, and he made no inquiry about the transaction or agreement between Rudd and Dow when he took the note.

The defendant did not learn for some months afterward that the note had been transferred to plaintiff. Rudd never indemnified him in any manner against liability on the same, nor did he ask Rudd so to do.

From these findings of fact the court found as matter of law that the defendant was indebted the amount of the note, and rendered judgment against him therefor. Defendant appeals.

*Clinton, Hart & Brewer* for the appellant.

*Mickie & Merrill* for the appellee.

DAY, J. — I. This case does not essentially differ from *Gage* v. *Sharp*, 24 Iowa, 15. The plaintiff knew that the expectation was that the note would be given to Jackson for a yoke of cattle, and he suspected that Dow was a surety thereon. He did not know that Dow was to have a chattel mortgage on the Jackson cattle, and hence he had no reason to suppose that the Jackson cattle alone were to be purchased, or that the note was to be transferred to Jackson only. In terms the note was payable to Jackson or bearer. No fact was brought to the knowledge of plaintiff from which he could suppose that Dow had any interest in Rudd's getting the particular cattle owned by Jackson. There is nothing to affect the *bona fides* of plaintiff.

He only knew that a note, on which Dow was supposed to be surety, and which was intended to be given to Jackson for a yoke of catttle, was being traded to himself for a yoke of cattle, instead of to Jackson. He knew of no fact which could

lead him to suppose that the surety would sustain any prejudice because of the substitution of himself as holder. The only *material* fact which he knew was that a note payable to payee or bearer was being negotiated to another than the payee. That this fact is not enough to defeat his recovery, see *Gage v. Sharp*, 24 Iowa, 15.

II. Appellant insists that the court erred in the finding of fact that plaintiff had no knowledge that Rudd was to indemnify Dow by a mortgage on the Jackson cattle. The only evidence on this branch of the case is the affidavit of defendant for a continuance, which was admitted as testimony, stating that Rudd would swear that he so informed plaintiff; and the testimony of plaintiff that he had no such information. The evidence being thus evenly balanced, the determination of the court below on a question of fact will not be disturbed.

III. It is urged, though apparently with not much confidence, that the indorsement of $6.25 as a credit upon the note materially changed it, and discharged Dow from liability thereon. This indorsement effects no change upon the face of the note. It is the same note as respects date, amount, payee and time of payment as before. If the note had been negotiated, and after that $6.25 had been credited thereon, no one would claim that such an alteration had been made as would discharge the surety. The effect is just the same when the credit is indorsed at the time of negotiation.

The judgment of the district court is

Affirmed.