## Mullins, et al. v. Bank of Blaine.

(Decided January 28, 1927.)

### Appeal from Lawrence Circuit Court.

Principal and Surety—Bank's Indorsement of Credit on Note when Delivered for Difference Between Face Amount and Amount Loaned Thereon, Held Not Material Alteration Releasing Sureties. —Bank's indorsement of a credit on a note when delivered, for

the difference between the amount it was willing to loan thereon and the face amount thereof, without the sureties' knowledge or consent, held not a material alteration releasing them from liability.

C. F. SEE, JR., for appellants.

CAIN & THOMPSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

On October 10, 1924, John Sennett, Clarence Becker, O. W. Mullins and Thomas Riggsby executed and delivered a note by which they promised to pay to the Bank of Blaine four months thereafter the sum of $1,500.00. The note not being paid at maturity, this action was brought to recover the amount thereof, less a credit of $700.00. From a judgment in favor of the bank Mullins and Riggsby appeal.

The only ground urged for reversal is that appellants were sureties and that the note was materially altered without their consent. The facts are these: When the note was presented to the bank its directors decided that $1,500.00 was too much to loan on the note, but agreed to let Sennett have $800.00 and place a credit of $700.00 on the note. In conformity with this agreement the bank turned over to Sennett the sum of $800.00 and then entered a credit on the note of $700.00. In the case of Washington Finance Corporation v. Glass, 74 Wash. 653, 134 P. 480, 46 L. R. A. (N. S.) 1043, it was held that an indorsement of a payment on the back of a note not made in good faith, but before delivery, and for the purpose of reducing the amount of the note, is an alteration of the note, since it changes the effect of the contract. The court cited with approval the case of Johnston, Receiver v. May, et al., 76 Ind. 293, where the court went further and held that an indorsement of a credit on a note either before or at the time of its delivery without the knowledge or consent of the surety was a material alteration. We find ourselves unable to approve of this doctrine. While the substantial rights of sureties should not be overlooked, the business of those dealing in commercial paper should not be hampered by technical restrictions that give effect to form rather than to substance. It must be conceded that, ordinarily, the indorsement of a credit on a note does not change the date, the

sum payable, the time or place of payment, the number or the relations of the parties, the medium of currency in which payment is to be made, or add a place of payment where no place of payment is specified, or alter the effect of the instrument in any other respect. On the contrary, it leaves the face of the note just as it was before the indorsement was made. Where, as here, the bank declines to loan the face amount of the note, the indorsement of the credit is for the sole purpose of giving effect to the agreement. The sureties on a note do not undertake on default of their principal to pay the face amount thereof regardless of any payments that may be made on the note. They simply undertake to pay the face amount subject to any credits to which he or they may be justly entitled. Therefore, it is wholly immaterial whether the credit be indorsed at the time or after the negotiation of the loan. In either case, the face of the notes is left unchanged, and the sum payable is not altered. Calling a payment indorsed on a note at the time the loan is negotiated a fictitious one, or saying that it is not made in good faith, is not justified by the facts and is not sufficient to differentiate the payment from one made after the loan is negotiated. Common honesty requires that the borrower be given credit for the difference between the face of the note and the amount of the loan, and when this is done the money thus credited must be regarded as an actual and not a fictitious payment. But it is suggested that the placing of a credit on a note at the time of its negotiation is the same in effect as if the bank had written the words ''$800.00'' instead of ''$1,500.00.'' In a sense that is true, whether the credit be placed on the note at the time of its negotiation or some time later; but the difference is this: A change in the face of a note is a material alteration, while the indorsement of a credit, whether made at the time or after the negotiation of the loan, leaves the face of the note unchanged. We are therefore constrained to hold that the trial court did not err in ruling that the note in question was not materially altered. Other courts take the same view of the question: Merchants' & M. Bank v. Evans, 9 W. Va. 373; Laub v. Rudd, 37 Iowa, 617; State Solicitors' Co. v. Savage, 39 Fla. 703, 23 So. 413. The same conclusion was reached by Professor Brannan, Brannan's Negotiable Instruments Law, page 798, where,

in discussing the case of Washington Finance Corporation v. Glass, *supra,* he uses the following language:

"It is submitted that this case was decided on wrong grounds. The result might have been reached on the ground that the bank was not a holder in due course, because it knew that the instrument was not complete when it was offered to it for discount, and the failure to secure the other signatures would therefore operate as a defense. But the court passed over this ground of defense and based its conclusion solely on the defense of alteration. The decision is against the weight of authority at common law and there is nothing in secs. 124 and 125 to effect a change in this respect. The formal character of the instrument was unchanged and the defense of alteration arises only when the former is altered, not when a collateral matter is added, whatever may be the substantial effect thereof."

Judgment affirmed.