Heeg and Another *v.* Weigand and Another.

*C. C. Nave,* for the appellant.

———————— ✦ ————————

HEEG and Another *v.* WEIGAND and Another.

PRINCIPAL AND SURETY.—*Promissory Note.— Consideration.*—Where a promissory note with surety has been given upon an agreement that the payee· shall deliver up to the maker another note for the same amount theretofore executed by the same maker with other surety to the same payee, and the· payee fails to so deliver up said other note, there is no consideration to: support the new note.

SAME.—*Additional Securities.*—If such new note be given to indemnify the· surety on the old note, the new one becomes an additional security in the· hands of the payee, and the surety for whose indemnity it has been given,. having paid the debt and received said new note from the payee, may recover thereon against the new surety.

APPEAL from the Franklin Common Pleas.

Suit by the appellants, Heeg and Keisler, against the appellees, Weigand and Schrunk, on a promissory note for four hundred dollars, executed September 13th, 1867, by the appellees to one Roberts, and by him assigned to the appellants, without recourse.

The appellee Schrunk answered separately, in two para-

graphs, the first admitting that he signed the note, but alleging that he signed it only as surety for said Weigand; that it was executed by them in consideration of the delivering up to said Weigand or cancellation of a certain promissory note for four hundred dollars, then held by said Roberts as payee, on which said Weigand was principal and the appellants were sureties; that said Roberts, at the time he received the note sued on, knew that it was executed to him by the appellees for the purpose of obtaining said other note; that both notes were for the same debt; that Roberts refused to receive the note in suit in lieu of said other note, but retained both notes in his possession until, on the 2d of January, 1868, the appellants received from said Roberts said note on which they were sureties, and gave Roberts their joint note for a like amount; that Roberts then assigned to the appellants the note in suit, without recourse on him, for no consideration whatever, and without the knowledge or consent of the appellees.

The second paragraph of the answer of Schrunk is like the first, except the omission of the allegation, in the alternative, as to the cancellation of the note on which the appellants were sureties, and it avers that said joint note executed by the appellants to Roberts was given in lieu of and to lift said note of Weigand, on which they were sureties, which Roberts delivered to them, and then assigned to them the note in suit, without recourse on him, for no consideration, and released them as sureties; and that both said notes of Weigand were for the same debt of four hundred dollars due said Roberts for money loaned by him to said Weigand.

The appellants demurred to each paragraph of the answer of Schrunk; the demurrers were overruled, and the appellants excepted.

To both paragraphs of this answer the appellants replied in three paragraphs, the first of which, the general denial, was afterwards withdrawn.

The second alleged, that the facts concerning the execu-

tion of the note in suit were not as set forth by said answer, but that on the 13th of March, 1867, said Weigand and the appellants executed their note for four hundred dollars, payable to said Roberts in ninety days; that said note was executed for the sole benefit of Weigand, the appellants executing it as sureties for him; that on the 13th of September, 1867, and after said note was due, the appellants, becoming uneasy, and fearing they would have to pay said note, were urging Weigand to pay it, and it was agreed between the appellants and the appellees, that the latter should execute their note to Roberts for four hundred dollars, due ninety days after date, to indemnify and render harmless the appellants on said note executed by them and Weigand; that the note in suit was executed in pursuance of said agreement; that a short time afterwards said Weigand conveyed all the property he had subject to execution, and left the State of Indiana, and the appellants were compelled to pay said note executed to Roberts by them and Weigand.

The third paragraph was like the second, except that it alleged that said conveyance by Weigand of all his property subject to execution, being real estate worth about eight hundred dollars, was made to the appellee Schrunk, to indemnify him on said note, said Schrunk, at the time, agreeing to pay said note.

Schrunk demurred to the second and third paragraphs of the reply; the demurrer was sustained, and the appellants excepted.

Ray, J.—The first and second paragraphs of the answer were good. There was no delivery of the note according to the terms of the contract. There was no consideration to support the instrument. *Armstrong* v. *Cook,* 30 Ind. 22.

The second and third paragraphs of the reply were each sufficient. By the averments, the new note was given to Roberts, the creditor; it became, therefore, by operation of law, an additional security in his hands, and the sure-

ties for whose benefit it was intended, having paid the debt of their principal, were entitled to the advantages of all his securities.

The judgment on demurrer should have held the reply good.

Judgment reversed, with costs.

*T. B. Adams* and *F. Berry*, for appellants.

*H. C. Hanna* and *F. S. Swift*, for appellees.