## REED v. TRENTMAN ET AL.

PROMISSORY NOTE.—*Payable in Bank.*—To give the character of commercial paper to a promissory note, under sec. 6, 1 Rev. Stat. 1876, p. 636, it is not necessary that the bank in which it is made payable shall be a national bank or a chartered bank.

SAME.—*Accommodation Paper.*—*Application to Particular Purpose.*—That the application of commercial paper to a purpose other than that for which it was executed by an accommodation party may constitute a good defence thereto as to such party, he must have an interest in its application to

the particular purpose for which he executed it; and in an action on a promissory note governed by the law merchant, by an indorsee against the maker, it could not constitute a good defence, that the defendant executed the note as an accommodation note only, upon an agreement between him and the payee that it should be sold to the bank at which it was payable, and not otherwise, and that the payee sold and transferred it to the plaintiff, not said bank, the plaintiff taking the assignment with knowledge of all the facts.

From the Kosciusko Circuit Court.

*C. Clemans* and *J. A. Clemans,* for appellant.

*J. S. Frazer, R. B. Encell, W. D. Frazer, J. A. Bitner* and *S. W. Cosand,* for appellees.

BIDDLE, J.—This action is founded on a promissory note, made by the appellant, payable to W. C. Conant, at Allen Hamilton & Co.'s Bank, Fort Wayne, Indiana, and indorsed by Conant to the appellees. A finding and judgment were had against the appellant. He appeals.

Without stating the proceedings, it is sufficient to say that the record properly presents, and the appellant discusses, but two questions:

1. The insufficiency of the complaint.

2. The sufficiency of the fourth paragraph of answer.

1. The complaint is so clearly good that we dismiss the question at once, without further notice.

2. The substantial facts stated in the fourth paragraph of the answer are as follows:

That the appellant executed said note as an accommodation note only; that, at the time, it was agreed between the appellant and the payee, that the note was to be sold to Allen Hamilton & Co., and not otherwise; that the note, when it fell due, was to be paid by the payee and delivered to the appellant; that, "in fraud of the rights of said defendant, the said Conant sold and transferred the same to said plaintiffs, they having full knowledge of the contract and agreement, and the facts in reference to said note; and in fraud of the rights of the defendant, they took the assignment of said note; and that Allen Hamilton & Co.'s bank is not a chartered or national bank, and is only

a place where money is loaned; and that there was no con-sideration for the execution of said note, and that the plain-tiffs knew it at the time they made the purchase of the same, and that the same was executed as an accommodation note only. Wherefore," etc.

It was not necessary that the bank of Allen Hamilton & Co. should have been a chartered bank or a national bank (1 Rev. Stat. 1876, 636, sec. 6), to give the character of com-mercial paper to the note. *Davis* v. *McAlpine,* 10 Ind. 137.

It is true, as Lord ELDON stated (*Smith* v. *Knox,* 3 Esp. 42), and as is insisted upon by appellant, that, "if a person gives a bill of exchange for a particular purpose, and that is known to the party who takes the bill; as, for example, if to answer a par-ticular demand, then the party taking the bill cannot apply it to a different purpose; but when a bill is given under no such restriction, but merely for the accommodation of the drawer or payee, and that is sent into the world, it is no answer to an action brought on that bill, that the defendant, the acceptor, accepted it for the accommodation of the drawer, and that that fact was known to the holder;" but the "particular purpose," for which the bill is given must be such as the example given by Lord ELDON, or for some purpose in which the accommo-dation party has an interest in the application of the money.

While the legal rights of all parties to a bill of exchange must be protected, yet commercial paper must not be encum-bered with useless or frivolous conditions. Such embarrass-ments would paralyze its usefulness.

We think the fourth paragraph of the answer in this case is defective, because it does not show that the appellee had any interest in the condition, or "particular purpose," that the note should be negotiated only to Allen Hamilton & Co. The condition upon which the accommodation was given, as far as the answer shows, was entirely useless, and therefore had not legal validity. *Fetters* v. *Muncie National Bank,* 34 Ind. 251; *Wilson* v. *Kinsey,* 49 Ind. 35.

The judgment is affirmed, with five per cent. damages and costs.