HENDERSON ET AL. *v.* ACKELMIRE ET AL.

PROMISSORY NOTE.—*Payable in Bank.—Location of Bank.—Presumption.*—Where a promissory note is made in this State, payable in a bank named but not located, it will be presumed, unless the contrary appear, that the bank is located in this State.

SAME.—*Assignment.*—An endorsement on a promissory note, "assigned to" A., made in the name of the payee, is one upon which the latter is liable, *prima facie,* as endorser.

SAME.—*Protest and Presentment.— Waiver of.*—Where a promissory note provides that the endorsers "waive presentment for payment, protest, and notice of protest and non-payment," the complaint in an action thereon need not allege "presentment" or "notice."

From the Clay Circuit Court.

*S. W. Curtis, — Holliday* and *J. A. McNutt,* for appellants.

BIDDLE, C. J.—Complaint in two paragraphs by the appellees, who constituted, as it is alleged, the firm of Ackelmire, Weber & Co., against the appellants.

The first paragraph is founded on the following promissory note :

"$230.         ·        BRAZIL, IND., March 12, 1874.

·  " Twelve months after date I promise to pay to the order of Pliny F. Sharp, at Brazil Bank, two hundred and thirty dollars, value received, without any relief from valuation and appraisement laws, with ten per cent. interest per annum until paid.   If this note be collected by suit,

the judgment shall include the reasonable fee for plaintiff's attorneys.    The drawers and endorsers severally waive presentment for payment, protest, and notice of protest and non-payment of this note."

The endorsement on the note is as follows:

"Assigned to Sherwin & Co.              P. F. SHARP.

"Sherwin & Co. to Ackelmire, Weber & Co."

The second paragraph of complaint is founded upon another promissory note; but, as the only question which the appellants discuss in their brief is as to the right of the appellees to recover against Sharp, the endorser, on the first paragraph, and as that is therefore the only question we shall examine, it becomes unnecessary to state the record any more fully than to further say that subsequent proceedings were had which resulted in a judgment against the appellants, from which they appeal to this court.

1.   The appellants insist, that the note must show what bank is meant, where it is located, and that it is located within the State of Indiana, or it can not be held as commercial paper.

We have decided otherwise.    When a note is made in this State, payable at a bank named, the bank will be presumed to be located in this State, unless the contrary appears.    *The Indianapolis Piano Manufacturing Co.* v. *Caven,* 53 Ind. 258; *Reed* v. *Trentman,* 53 Ind. 438; *Burroughs* v. *Wilson, ante,* p. 536.

2.   It is claimed that the endorsement by P. F. Sharp upon the note is insufficient.    We can not see wherein, and it has not been shown to us.    The endorsement was not denied under oath; its execution, therefore, as alleged, was admitted. · *Beagles* v. *Sefton,* 7 Ind. 496; *Keller* v. *Williams,* 49 Ind. 504.

3.   It is insisted by the appellants, that "there is no allegation that said note was presented for payment at the place named in the note, a failure to pay, nor does

the complaint allege that any notice was ever given to appellant Sharp of the dishonor of the note."

All these are waived by the terms of the note itself, and, therefore, need not be averred. *Lowry* v. *Steele*, 27 Ind. 168. The case of *Hunt* v. *Standart*, 15 Ind. 33, does not support appellant. In that case, there was no waiver by the endorser of presentment for payment, of protest, and notice of protest and of non-payment, as in this case.

The evidence supports the finding and judgment below. There is no error in the record.

The judgment is affirmed, at the costs of the appellants, with eight per cent. damages.