## Sears v. Lantz & Bates et al.

1. **Promissory Note**: ASSIGNMENT: EFFECT OF.   The payee of a promissory note assigned "all his right and title" thereto in writing on the back of the instrument to a third party:   *Held*, that the assignment was equivalent to an indorsement of the note, and bound the assignor as an indorser.

*Appeal from Marshall Circuit Court.*

THURSDAY, MARCH 21.

ACTION against the defendants Lantz & Bates as makers, and John Bowman as indorser of a negotiable promissory note.   A demurrer having been sustained to so much of the petition as sought to charge Bowman as indorser, the plaintiff appeals.

*Sears & Lemert*, for appellant.

*Brown & Binford*, for appellee.

SEEVERS, J.—The note was payable to the defendant Bowman or order, and he wrote on the back thereof the following: "December 18, 1876, I hereby assign all my right and title to Louis Meckley. John Bowman." The ground of demurrer was in substance that no cause of action existed against the defendant, Bowman, under and by virtue of the said writing.   Without doubt it amounts to an assignment of all the defendant's right and title in the note.   Does this subject him to the liabilities of an indorser, is the question for determination.   An indorsement differs from an assignment in that an indorsee may bring the action in his own name, and an assignee cannot.   2 Parsons on Notes and Bills, 1.

It was held in *McCarty v. Clark*, 10 Iowa, 588, that the assignment of a promissory note as collateral security for the payment of another debt passed the title to the indorsee, and that he could sue in his own name without averring or showing that the indebtedness secured by the note had been paid.

In *Childs v. Davidson*, 38 Ills., 438, it was held that "I guarantee the payment of the within note" amounted to an assignment, and transferred the legal title to the note so as to enable the holder to maintain an action against the maker. See also *Rowe v. Haines*, 15 Ind., 445.

In *Sands v. Wood*, 1 Iowa, 263, it was held the words, " I assign the within note to Miss Sarah Coffin," amounted to an indorsement, and the party so transferring the note became liable as an indorser.

The effect of the assignment in *Sands v. Wood* was to assign and transfer whatever title the assignor had in the note. He used no words that in and of themselves indicated that he bound or made himself liable in case the maker after demand failed to pay the note. But it was held the law as a legal conclusion attached to the words used the liability that follows the indorsement of a promissory note.

It will be difficult, we apprehend, to draw a distinction between that case and the one at bar. Here the defendant assigned all his right and title in the note, and this in legal contemplation was the effect of the assignment in *Sands v. Wood*.

In neither case was there any limit attached to the liability of the assignor, that resulted as a legal conclusion. It must be regarded as settled in this State that the *assignment of a promissory note by the payee thereof*, in writing on the note, vests the legal title therein in the assignee so as to enable him to bring an action in his own name against the maker. Such being true an assignment amounts to an indorsement, and makes the assignor liable as an indorser, within the rule laid down by Parsons, above cited.

The result is the demurrer should have been overruled.

Reversed.