Howk, C. J.
This was a suit by the appellant, .as plaintiff,, upon a promissory note for eleven hundred dollars, dated March 29th, 1875, executed by the appellees, George A. Maj and Benjamin R. Gregory, and payable eight months after-date to the order of John H. Vajen. On the back of said, note the following memorandum had been written, to wit:: “Two hundred fifty-three dollars and fVxr, paid on this note-April 1st, 1875, a sum in excess of indebtedness for which, this note is given.” In his complaint, the plaintiff alleged, in substance, among other things, that, at the time of the-execution and before the final delivery of said note, the-said memorandum was endorsed thereon as a credit, through mistake as the plaintiff was informed and believed; and that, after the note came into his hands, believing that said *295 memorandum had been endorsed thereon through mistake as aforesaid, he made a cross in red ink over said memorandum, innocently and with no fraudulent intention.
The cause having been put at issue was tried by the court, and, “at the request of the defendants, the court makes the following special finding of facts, and statement of its conclusions of law thereon:
“1. In the year 1872, John H. Vajen sold and conveyed to Eobert S. Dorsey the real estate described in the pleadings in this cause, and Dorsey executed five notes for the same, of $371.18 each, due in one, two, three, four and five years from November 29th, 1872, for the purchase-money, and secured them by a mortgage on the real estate.
“2. In 1875, in March, George A. May, one of the defendants in this cause, purchased the said real estate from Dorsey, and assumed the payment of the notes, held by Vajen and given by Dorsey, for the purchase-money.
“3. Afterward, in the year 1875, May and Vajen entered into an agreement, that May should pay in money the Dorsey notes then due, and should pay the three unmatured notes by a note given by himself, as principal, and the defendant Gregory, as surety, payable in eight months from date; and that, upon the execution of the latter note, and the payment in money of the matured notes, Vajen would cancel the Dorsey notes and deliver them to May, and release the mortgage executed to secure them. The purpose of the parties, in making this agreement, was to extinguish the Dorsey notes and the lien of the mortgage which secured them, and to enable May to dispose of the real estate, discharged from incumbrance.
“4. That the note in suit was signed by Gregory, as the surety for May, with knowledge of the'agreement between Vajen and May, and of the purpose for which the note was intended, and to enable May to complete the agreement, on his part. No authority was given by Gregory to May, or *296 to Vajen, to alter the agreement as it existed at the time the note was given by him.
“5. After the note in suit was signed by Gregory, it was taken by May to Indianapolis, Indiana, where he again met Vajen for the purpose of completing their agreement. It was then ascertained, that one of the unmatured Dorsey notes had been mislaid and could not be produced; this was the one which matured five years from date. A calculation was then made to ascertain the amount of the two Dorsey notes, maturing respectively in three and four years, which was found to be $846.48 ; and, by an agreement then made, a credit was then endorsed upon the note in suit of $258.52, and it was delivered by May to Vajen in discharge of the two Dorsey notes last named. The matured notes were paid by May in money. The mortgage was not released, nor was the note which matured in five years in any way paid or satisfied. The mortgage still exists as a lien upon the real estate, as a security for the unpaid note. This arrangement was made, without the knowledge or consent of Gregory.
“Upon the foregoing facts, the court finds, as its conclusions of law, that the variation of the original agreement, between May and Vajen, and the delivery of the note to Vajen by May, in payment of two only of the Dorsey notes, avoided the note in suit as to Gregory; and that Gregory is not now liable upon the note in suit.
(Signed,) “Thos. F. Davidsoh,
“Judge Warren C. C.”
The appellant excepted to the court’s conclusions of law, and his motions for a judgment in his favor, on the special finding of facts, and for a new trial, were severally overruled by the court, and his exceptions were duly saved to these rulings. Judgment was then rendered by the court, in favor of the appellee Gregory, for his costs. As to the defendant George A. May, there was no service of process, and no appearance in the action.
*297 In this court, the appellant has assigned, as errors, the following decisions of the circuit court:
1. In overruling his demurrer to the second paragraph of answer;
2. In overruling his demurrer to the third paragraph of answer ;
3. In overruling his demurrer to the fourth paragraph of answer;
.4. In overruling his demurrer to the third and fourth paragraphs of answer;
5. In overruling his demurrer to the eighth paragraph of answer;
6. The court erred in its conclusions of law on its special finding of facts;
7. In overruling his motion for a judgment in his favor on the special finding of facts ; and,
8. In overruling his motion for a new trial.
We will consider and decide the several questions discussed by the appellant’s counsel, in his elaborate brief of this cause, in the same order in which he has presented them. "It may be remarked in the outset that this suit was brought and is prosecuted by the appellant, not as an endorsee for value of the note, before maturity and without notice, but as the virtual representative of the payee of the note, by virtue of his appointment as receiver under an order of the Marion Superior Court. All the defences to the note, on which the appellees, or either of them, might have relied in a suit thereon by the payee thereof, were therefore available to them, or either of them, in this action.
The appellant’s counsel has not complained, in argument, of any of the decisions of the circuit court in overruling his demurrers to the several paragraphs of answer of the appellee Gregory. The first five of the supposed errors, assigned as above by the appellant, must therefore be regarded as practically waived, under the settled practice of this court. *298 The learned counsel complains of the eighth paragraph of answer, not that its allegations of fact were insufficient to-constitute a defence to the action, but, as we understand him, that the theory of-the answer was not applicable to the case made by the record. In the opinion of counsel the theory of the eighth paragraph of the answer is, that the appellee Gregory was discharged from liability on the note in suit by reason of the diversion or misapplication of the note by the principal, George A. May, without the consent of the surety, Benjamin R. Gregory, from the purpose for which the latter was induced to execute it. It seems to us that thie theory was fully warranted by the court’s special finding of facts, and that it was applicable, to the case made thereby.. In Armstrong v. Cook, 30 Ind. 22, it appeared that a promissory note, payable in bank, was endorsed upon the representations of the payee, that, when so endorsed, he would procure the note to be discounted in bank, and use the proceeds thereof in the payment of a matured note given him by the same maker, and that the payee did not procure the note to be discounted, and did not use the proceeds thereof in taking up said matured note, but had retained the note so endorsed, and had brought suit thereon against said endorser ; and it was held by this court that the answer of the endorser, setting up substantially the foregoing facts, showed “an utter want of consideration to support the note against him, in the hands of the plaintiff, and a fraudulent pervex*sion of it by the plaintiff to a .purpose never intended” by the endorser. The doctrine of the case cited was approved and followed in the later case of Heeg v. Weigand, 33 Ind. 289.
' It seems to us, that the facts specially found by the court, in this case, show very clearly that the note in suit, after the appellee Gregory had signed the same, and without his knowledge or coixsent, by the subsequent agreement of the defendant May, the principal in the note, and the payee thereof, Yajen, was applied by them to an object and pui' *299 pose differing widely from the object and purpose which, the appellee had in contemplation at the time he signed said, note as surety. The court found that the note was given, upon an agreement between the principal therein and the-payee thereof, of which the appellee had knowledge at the-time he signed the same, that it should be used and delivered to said payee thereof for the purpose of extinguishing-the three Dorsey notes, not then due, which the said May had assumed to'pay, and of obtaining the satisfaction of the-, mortgage, to secure the payment of the Dorsey notes, given on real estate then owned by said May. The court further-found, that, after the appellee’s signature had been obtained, to the note as surety therein, in his absence and without his. authority, at a meeting between May and the payee of the-note, in Indianapolis, the amount of the note was altered and reduced by the endorsement thereon of a fictitious credit, of $253.52, and in this condition it was delivered by May to-the payee thereof, in discharge of two only of the three-Dorsey notes, not then due; that the mortgage on May’s, real estate was not released, but still existed, as a security for the unpaid Dorsey note; and that this arrangement was-made without the, appellee’s knowledge or consent.
We are of the opinion, that the facts specially found by the court fully authorized and justified its conclusions of law; that, by reason of the facts found, the note in suit had. been avoided as to the appellee, and he was no longer liable^ thereon.
But the appellee’s counsel further claim that the judgment below is right and ought not to be disturbed by this-court, for the reason that the special findings show a material alteration of the note in suit, after the appellee Gregory had. signed the same, made without his knowledge or consent by the said May and Vajen, or one of them. In this view of the matter, and upon the facts specially found in this caser we fully agree with the appellee’s counsel. There can be no> *300 ■doubt, we think, that thé endorsement of the pretended payment of $258.52 on the note, before or at the time of its •delivery to the payee thereof, was just as much and material •an alteration of the amount of the note as it would have been if it had been effected by erasure and interlineation on the face of the note. In 1 Daniel on Negotiable Instruments, ■sec. 151, p. 130, it is said: “It seems that the purport of the instrument is not only to be collected from ‘the four corners,’ but from ‘the eight corners,’ a memorandum on the bank, affecting its operation, being regarded the same as if written on its face.” Applying this rule to the note in ■suit,’under the facts specially found by the court, it would seem that the object and effect of the said endorsement of credit were to alter the amount of the note, from a note for $1,100, as it was when the appellee signed it as surety, to a mote for $846.48, as it was when the said May delivered it to the payee thereof.
We need not argue for the purpose of showing that such an alteration of the note was a material alteration, for that is manifest; and the facts- found by the court show that this alteration was made in the absence and without the authority of the appellee, and without his knowledge or consent, by the principal in the note and the payee thereof, or one of them, before or at the time of its delivery. Under the decisions of this court, such an alteration will vitiate and avoid the note, and prevent a recovery thereon from the appellee. Holland v. Hatch, 11 Ind. 497; Schnewind v. Hacket, 54 Ind. 248; Collier v. Waugh, 64 Ind. 456; McCoy v. Lockwood, 71 Ind. 319; Dietz v. Harder, 72 Ind. 208. It may be said, however, that the effect of the alteration of the mote, in this case, was to reduce its amount and diminish the appellee’s liability, and therefore he ought not to be ’heard to complain of such an alteration. In the case of Coburn v. Webb, 56 Ind. 96, the effect of the alteration of the note in suit was the same as in the case now before us, to diminish the amount of the surety’s liability, and the *301 same point seems to have been made in that case as the one now under consideration. Upon that point, in the case-cited, this court said : “This change of the note did not, perhaps, operate to the prejudice of Coburn. But that is not the legal criterion by which to determine whether an alteration of a note destroys it. The question is, is the note-sued upon the same note, in legal effect, as that signed by Coburn? If the alteration made the note a different one in legal effect, then it is not Coburn’s note, and he is not bound by it. These views are fully sustained by the current of authorities in this State and elsewhere.” See the authorities-there cited.
The views already expressed show very clearly that, in our opinion, the trial court committed no error in overruling the appellant’s motion for a judgment in his favor on the special findings of facts. We are satisfied that, upon the facts-found and the law applicable thereto, the appellee, as the surety only of his co-defendant May upon the note in suit,, was discharged from all liability thereon.
We deem it unnecessary for us to extend this opinion in an examination of the sufficienc}*- of the evidence to sustain the court’s special findings of facts, which is the only question presented for decision by the alleged error of the court in overruling the appellant’s motion for a new trial. It will suffice to say, on this point, that the evidence in the record fairly tends to sustain the special findings of facts in every material particular; as the rule is settled that, in such a case, this court will not disturb the finding or verdict upon the mere weight of the evidence.
It appears to this court, from the record before us, “that the merits of the cause have been fairly tried and determined in the court below and, in such a case, section 580 of the code forbids that the “judgment be stayed or reversed, in whole or in part.”
The judgment is affirmed, at the appellant’s costs.
Petition for a rehearing overruled.