Filed Nov. 2, 1887.

No. 12,958.

MEEKER ET AL. *v.* SHANKS ET AL.

PROMISSORY NOTE.— *Set-Off Against Assignor.*— *Reply by Assignee.*—*Sufficiency of.*—In a suit by the assignee, after maturity, of a promissory note, it is a good reply to an answer of set-off by the maker against the assignor, that the maker is indebted to such assignor in a sum in excess of that claimed as a set-off.

SAME.—*Legal Inception.*—*Delivery to Person Other than Payee.*—It is not essential to the legal existence of a promissory note that it should have been delivered to the person named therein as payee.

SAME.—*Sureties.—Inquiry.—Fraud.—Consideration.*—If paper is signed for a special purpose in which the sureties are interested, the fact that it is made payable to a particular person may be sufficient to put another who takes it upon inquiry; and if to take it will operate as an injury or fraud upon the sureties, they may defend against it for want of consideration.

SAME.—*Accommodation Makers.—Perversion of Paper.*—Where mere accommodation makers, having no interest beyond the accommodation of their principal, either in the mode of raising the money or in the manner in which it is to be applied, sign a promissory note made payable to a named person, the fact that without their consent the note is delivered to another, without any alteration, who advances the money upon it, does not constitute such a perversion of the .paper as will defeat it in the hands of a holder for value.

SPECIAL FINDING.—*Silence as to Material Facts.—Presumption.*—Where the special finding is silent in respect to certain material facts, it will be presumed that they were found against the party upon whom the burden of proving them rested.

From the Jay Circuit Court.

*D. T. Taylor, T. Bailey, W. H. Williamson, W. C. Ladd* and *R. H. Hartford,* for appellants.

*J. R. Perdieu, J. P. C. Shanks, J. M. C. Shanks* and *C. M. C. Shanks,* for appellees.

MITCHELL, J.—The complaint in this case alleges " that the defendants, by their joint and several promissory note, on the 31st day of December, 1881, ninety days after date, promised to pay to the order of James B. Jaqua, at the Citizens' Bank, the sum of two hundred and fifty dollars," and that Jaqua subsequently endorsed the note to the plaintiffs. A copy of the note, which appears to have been signed by the defendants, is made an exhibit with the complaint.

This was a sufficient averment of the execution of the note by the defendants, and the appellants' objection that the complaint does not allege that they executed the note is, therefore, not well taken.

The suit was against Meeker and four others. Meeker answered that he signed the note as principal, and that his co-defendants signed as sureties. He averred that, although the

Meeker *et al. v.* Shanks *et al.*

.note was made payable on its face to Jaqua, it had never been delivered to him, but that, after being signed by all the defendants, it was left in the possession of Meeker, who ob-·tained the amount of money therein stipulated from one Mason, to whom he delivered the note, and that the latter ·transferred it by delivery to the plaintiffs long after its maturity. The answer alleges further, that while Mason held .and owned the note, he became indebted to Meeker for goods ·sold and delivered, to the amount of five hundred dollars. Prayer that the indebtedness from Mason to Meeker be .allowed as a set-off against the note.

The plaintiffs replied, that Meeker was indebted to Mason, ·on account, in a sum largely in excess of the amount claimed .by the former as a set-off.

The appellants contend that the reply was insufficient be-·cause it did not confess and avoid that part of Meeker's answer which alleged that the note had never been delivered to Jaqua, and that, in consequence, it never had a legal inception as a note until it was negotiated to Mason.

There is no merit in this objection. So much of the answer as related to the manner in which the note had its inception was pleaded merely by way of inducement, in order to show that Meeker occupied such a relation to Mason, the real payee, as entitled him to set off the indebtedness due him from the latter. The plaintiffs, in effect, admitted that the note had its inception as claimed in the answer, but they replied that, instead of their assignor, Mason, being indebted to Meeker, the latter was indebted to Mason. This made their replication complete. *Dodge* v. *Dunham,* 41 Ind. 186.

The court found specially that the defendants signed the ·note and left it in the possession of Meeker. The latter, instead of delivering the note to Jaqua, to whom it was made payable, obtained the money from, and delivered the note, without any alteration, to Mason. After the note matured, Mason transferred it, by delivery, to the plaintiffs for a val-

uable consideration. After it had been thus transferred, Jaqua, without any previous knowledge of or interest in the transaction, endorsed the note so as to vest the title in the plaintiffs. In respect to the set-off, the court found that Meeker was indebted to Mason, and its conclusion was that the plaintiffs were entitled to recover against all the defendants.

It is now contended, on behalf of all the appellants, that, because the note never was delivered to Jaqua, to whom it was made payable, it never had a legal inception, nor became available as a promissory note. Moreover, the sureties argue that, even if the note became legally operative as between the principal and Mason, they are not liable, because the delivery of it to Mason, without their consent, was such a perversion of the paper as worked a fraud upon them.

It may be conceded that, as a general rule, a promissory note, like any other written contract, has no legal inception or valid existence as such until it has been delivered in accordance with the purpose and intent of the parties. *Burson.* v. *Huntington,* 21 Mich. 416 ; *Chipman* v. *Tucker,* 38 Wis.. 43 ; *Cline* v. *Guthrie,* 42 Ind. 227 (13 Am. R. 357).

It is not, however, essential to the legal inception of a promissory note that it should have been delivered to the person named therein as payee. Thus, in *Rhyan* v. *Dunnigan,* 76 Ind. 178, the defendants made their note payable to one Humble, to whom it was presented by one of the makers. Humble refused to accept it, and the note was afterwards delivered, with the consent of all the makers, to Dunnigan, who advanced the money on it ; held, that in legal effect the transaction constituted the paper a promissory note, payable to Dunnigan by the name of Humble. While the note in suit remained in the hands of Meeker it had no legal existence as a promissory note. As soon, however, as Mason advanced the money upon it, and took it as evidence of the debt, the note took its inception, and became operative as a. valid security for a loan of money. *Bank of Chenango* v..

*Hyde,* 4 Cow. 567; 2 Daniel Neg. Instr., section 1190.

The plaintiffs could have maintained an action upon it, without the endorsement of Jaqua, by alleging and proving the facts. *Leaphardt* v. *Sloan,* 5 Blackf. 278 ; *McKinney* v. *Harter,* 7 Blackf. 385.

This disposes of the case so far as Meeker, the principal, is concerned. Concerning the sureties, it may be said the facts leave it plainly to be inferred that they signed the paper and left it in the hands of Meeker, intending thereby to enable him to raise money upon it for his use. This made them accommodation makers. True, the sureties supposed and intended that the money would be obtained from Jaqua, to whom the note was made payable ; but it does not appear that they had any interest, either personal or pecuniary, that the money should be obtained from Jaqua rather than from Mason. They are, therefore, within the rule that an accommodation maker, who has no other interest to subserve in signing paper for another, except to enable the person for whose accommodation the paper is signed to obtain the money, can not complain that the paper was diverted, so long as nothing more is done than to make it available for the very purpose for which it was signed.

That accommodation paper is made payable to a particular person does not, without more, prevent the person to whom it is entrusted, and for whose accommodation it was made, from obtaining the money from another. Unless the sureties have some interest beyond the mere accommodation of their principal, any person may assume that it is an accommodation to the makers of the paper to advance the amount of money which it calls for. Accordingly, where an accommodation note was signed by a surety, and made payable to the president and directors of the Rutland bank, the bank having refused to discount the paper, it was held that it was not perverted by being delivered to a third person as collateral security, the court saying, in substance, that it was immaterial to the surety who advanced the money, so that the per-

son for whose accommodation he signed obtained the benefit of it. *Bank of Rutland* v. *Buck*, 5 Wend. 66; *Reed* v. *Trentman*, 53 Ind. 438; *Fetters* v. *Muncie Nat'l Bank*, 34 Ind. 251 (7 Am. R. 225).

The rule seems to be, that if the paper has accomplished substantially the purpose contemplated in the accommodation, that is enough to entitle a holder for value to recover.

Where, therefore, as in this case, it does not appear that the makers had any pecuniary interest in the particular use that was to be made of their names, or in the manner in which the paper was to be applied, or in the mode or plan of raising the money, it is immaterial that the paper has not been used in exact conformity with the original design. *Lord* v. *Ocean Bank*, 20 Pa. St. 384; *Arnold* v. *Campbell*, 18 Cent. L. J. 289; 1 Daniel Neg. Instr., section 792.

If the paper was signed for a special purpose in which the sureties were interested, the fact that it is made payable to a particular person may be sufficient to put another who takes it upon inquiry; and if to take it would operate as an injury to or fraud upon the sureties, the latter may defend against it for want of consideration. *Armstrong* v. *Cook*, 30 Ind. 22; *Johnston* v. *May*, 76 Ind. 293; *Heeg* v. *Weigand*, 33 Ind. 289; *Jeffries* v. *Lamb*, 73 Ind. 202.

There is nothing in the findings to show that there was any fraudulent perversion of the paper in this case.

The appellants complain that the special finding is silent in respect to some material facts which were in issue. So it is, but they were issues in respect to which the appellants had the burden. The presumption, therefore, is that upon those issues the court found against them. *Mitchell* v. *Colglazier*, 106 Ind. 464; *Stix* v. *Sadler*, 109 Ind. 254. There was, hence, no ground for a *venire de novo*.

The judgment is affirmed, with costs.

Filed Nov. 1, 1887.