Seney, J.,
dissents.
What relation does Lenhart sustain to the note by his ihdorsement, is a question novel and important, and not free from doubt. I am unable to arrive at the same conclusion as the majority of the court. I express my dissent for the following reasons:
*141 - The' substance of the text taken from the '3rd edition of Daniel on Negotiable Instruments, sec. '688c, is that where a promissory note is payable to order, and is indorsed by the payee, similar to the indorsement upoh the note in controversy, the payee is liable as an indorser.
The authorities cited in support of the text, upon a careful examination, will be found not to support this theory, notably so the case of Sands v. Woods, 21 Ia. 263. In that case the only question presented to the court was, whether or not, as between indorser and indorsee, a b.lank indorsement could be ex-.plained by parol testimony ; that is, whether the'implication as to the liability, created by law by a blank indorsement, could be explained by parol,' so as to correspond with the agreement of the parties. It was held by the court it could not. "
The same court, in the .case of Sears v. Lantz, 47 Iowa, 658, which is more at point with the case at bar, held that on an indorsement of a note by the payee, similar to the indorsement of the note in this controversy, the payee was liable as an indorser ; but the opinion is based solely and- alorie,'and has for foundation the case of Sands v. Woods, 21 Iowa, 263.
Should this opinion be followed in Ohio? As I have said, the foundation of the case of Sears v. Lantz, 47 Iowa, 658, is the case of Sands v. Woods, 21 Iowa, 263, and the doctrine laid down in that case was not the law of Ohio, and was so decided by ohr supreme court, in the case of Dye v. Scott, 35 Ohio St. 194, where the court say: “ And testimony is admissible, to prove that the indorser, as between himself and the indorsee, at the time of indorsing a note in blank, waived demand and notice.”
And again, the supreme court of Ohio says, in Hudson v. Wolcott, 39 Ohio St. 618: “In an action by, an indprsee against his indorser,, the question whether a blank indorsement was made in the usual course of trade for the' purpose of transferring title, and' as evidence of a coniract of indorsement, is issuable, and Under such issue the indorser may., prove that his name was written on the back of the instrument at a different time and for a different purpose. Also he *142 may prove, as part of the res gestx, the declarations and conversations of the parties at the time of the transfer.”
The reason and foundation of the rule in Iowa being contrary to the opinion of our own court — does not the rule go■dbwn with the foundation ?
An English authority is cited by Judge Daniel in support of the text, which bears the ear-marks of age, and was rendered at a time when the commercial law of this country was in its infancy, and when our own courts had not established rules to. govern this branch of the law, as they have at present.
Of the several authorities cited by Judge Daniel, the one that to my mind presents the clearest and soundest reason and unanswerable argument, is the case of Aniba v. Yeoman, 39 Mich. 171, and which is cited in full by the author in a note to his text. This decision is directly the reverse of the views expressed by Judge Daniel in his text, viz.: That such an indorsement constitutes the party an assignor of title, and not an indorser.
And why is it not sound law? The indorsement of a note in blank payable to order, by a payee, transfers all the right and title the payee has to the paper, and in addition thereto, makes the payee liable, conditioned upon demand and notice. It is nothing more than a contract; he transfers by agreement all his interest in the note, and agrees to pay it, if demand is made and notice given. His name appearing indorsed upon the same kind of a note, and written above, his name, “ I hereby assign all my right, title and interest in the within note ” — ■ why then do not these words constitute a complete, express written contract? Can an implication, made by law, defeat, an express contract? Upon wha’t principle of law can such a. doctrine be sustained? An express contract excludes any other that the law implies or the parties intended.
It has been said by an eminent judge: “ To relieve one who-has indorsed paper, from liability as indorser, he must insert in the contract itself words clearly expressing such an intention.”' Can it be more clearly expressed than-by his written contract, whereby he limits his indorsement to a transfer of the bill?
'Again, under the principle laid down by the supreme court1 of Ohio which I have referred to, it is competent to show, by *143 parol or otherwise, as between indorser and indorsee and parties with notice, what by a blank indorsement is prima facie so — is not so. 8
Suppose, for instance, in the case at bar that Lenhart had said upon the. delivery of the note — and indorsing it in blank — I hereby transfer all my right, title and interest in the within note ; would that not have been in explanation of the blank indorsement, and his only contract? Would not this have been in legal effect the same as if he said, by my blank indorsement the law raises an implied obligation to pay; by my words I limit my liability to a transfer of the title. The note is mine, and no one else has an interest in it; my interest I transfer or assign to you. If this is true, does not the law in Ohio make him an assignor, and not an indorser ?
Would these 'words lose any of their force by being written on the back of the note instead of spoken ?
What would the clear and evident intention of the use of these words mean ? Could the party say, true this'is the only' contract you made; this is all that was said between us. I accepted the note with this understanding, yet the law makes a different contract.
What safety would there be in making a contract if such a rule should prevail ?
These words that are clear, simple and unambiguous, cannot bear any other construction than an assignment of the title. The intention of the parties was there. Yet notwithstanding the minds of the parties met upon this clear intention, the law will enforce another contract not intended. If so between indorser and indorsee, it cannot be different with a party whose knowledge is derived from the contract itself;
Thus far I have presented my views upon a note payable to order and indorsed by the payee, but that is not this case.
The note in question is payable to Lenhart or bearer. This in legal effect isthesame as if the note read payable “to bearer,’7 so that the indorsement of Lenhart is not that of payee, but of a stranger to the'paper; and being a stranger, the rule laid down by Judge Daniel does not apply.
The implication arising that an indorsement, in blank, of a note payable to order, implies the transfer of the right, *144 title and interest, and when that is written out it has no more effect, does not arise in the case at bar.
J. F. Burkett and A. V. Watts, for plaintiff in error.
Wm. II. Leete, for defendant in error.
It is an indorsement by a stranger; and being a stranger it is governed by rules, free from any liability that might attach were he the payee. ’
It is his own separate, distinct contract, not in the usual course of trade, and is governed by the rules of contract and not of negotiable paper, and as I have already stated should be enforced according to the plain and simple meaning of the words used. The reasons I have already given, to my mind, appear with greater force to this indorsement than to one where the payee indorses.
For these reasons, in my opinion, Lenhart is not liable on the note, and the judgment of the court below should be reversed.