MAYES MERCANTILE CO. VS HANDLEY.

Opinion rendered November 24, 1906.

(98 S. W. Rep. 125).

1. *Bills and Notes—Indorsement, What is and Liability.*

Mansfield's Digest, Sec. 482 (Ind. Ter. Ann. St. 1899, Art. 464) provides that upon due notice of the non payment or protest of any such indorsed or assigned instrument in writing, the endorser or assignor shall be equally liable with the original maker, obligor or payee of such instrument and may be sued jointly with the latter, or separately. *Held;* That the words "The Mayes Mercantile Co. Transferred to W. H. Handley" written upon the back of said note by the former at the time of delivery to the latter, was a commercial endorsement and fixed the liability of the defendant as an indorer and was not simply an assignment.

Appeal from the United States Court for the Northern District of the Indian Territory. Before Justice Joseph A. Gill, May 4, 1904.

Action by M. E. Handley, administrator of W. H. Handley, deceased, against the Mayes Mercantile Company. From a judgment for plaintiff, defendant appeals. Affirmed.

This was a suit on a promissory note, originally brought in the commissioner's court at Pryor Creek, in the Northern district of Indian Territory. Plaintiff obtained judgment, and defendant appealed to the United States Court for the Northern District.

The note in question was for $239.94, and was given by W. R. Fair, on January 10, 1903, to the Mayes Mercantile Co., and is as follows: "$239.94. Pryor Creek, I. T., Jany. 10, 1903. Sept. 1st, 1904, after date, for value received, I promise to pay to the order of the Mayes Merc. Co. Two Hundred Thirty-nine and 94-100 Dollars, with interest from date at the rate of 8 per cent per annum, and if not paid at maturity and collected by an attorney or by legal proceedings, an additional sum of ten per cent on the amount of this note as attorneys fees. Mortgage on file 4-6-03. W. R. Fair." Indorsed: "The Mayes Merc. Co. Transferred to W. H. Handley. W. H. Handley, Oct. 23rd, 1903. Cr. by cash from W. R. Fair, $94.66. M. E. Handley, Administrator of the Estate of W. H. Handley." The note was secured by chattel mortgage on certain crops, with a provision in the mortgage that if the defendant Fair should at any time sell the lands upon which the crop was raised, then the note should become due and payable. Thereafter the note was transferred by the Mayes Mercantile Co. to W. H. Handley, by a writing on the back of the note, as follows: "The Mayes Merc. Co. Transferred

to W. H. Handley." On June 4, 1903, Handley died intestate, and letters of administration were issued to his widow on October 23, 1903, and this suit is brought by her as administratrix. On August 28, 1903, defendant Fair sold said lands and improvements. Immediately after letters of administration were issued to plaintiff, she credited Fair with the payment of $94.66 on said note, which credit he was entitled to for rent due him from said Handley, deceased. The note was protested for non-payment, notice of protest given, and plaintiff (appellee here) brought suit to recover the balance due on said note, being $163.23. On May 4, 1904, trial was had before the court, without a jury, and the case submitted upon an agreed statement of facts, and the court found the issues for the plaintiff. Motion for new trial was filed and overruled, and defendant allowed 60 days in which to prepare and file bill of exceptions. Instead of bill of exceptions, an agreed statement of facts is filed, as follows: "Agreed Statement of Facts. It is admitted by the parties to this suit that plaintiff is administratrix of the estate of W. H. Handley, deceased, and has the right to sue as such administratrix; that defendant, the Mayes Mercantile Company, by one of its officers having authority to bind said company, wrote the following words upon the back of said note, at the time said note was delivered to W. H. Handley: 'The Mayes Merc. Co. Transferred to W. H. Handley.' That plaintiff contends that said writing was a commercial endorsement and fixes the liability of defendant, and that defendant contends that said writing was intended to be and is in law simply an assignment of said note, and that defendant is not liable upon said note, by reason of such endorsement. Nev. Campbell, Robert F. Blair, Attorneys for Plaintiff in Error. C. J. Taylor, Attorney for Defendant in Error."

TOWNSEND, J. (after stating the facts). There is but one question before this court for determination, viz:

whether the words "The Mayes Merc. Co. Transferred to W. H. Handley," written upon the back of said note by the defendant the Mayes Mercantile Co. (plaintiff in error here) at the time of the delivery of said note to Handley, was a commercial indorsement, and fixed the liability of the defendant as an indorser, as contended by appellee, or was simply an assignment of said note, and that defendant was not liable as an indorser, as contended by appellant. The contention of plaintiff in error is that it did not intend to indorse said note and bind itself as an indorser, and guaranty the payment of the note, but simply to assign and convey whatever interest it might have in said note. This was negotiable paper, and negotiable paper is properly transferred by indorsement and delivery, and when indorsed in the usual manner the one transferring the note is liable as an indorser, unless he uses some words limiting his liability, such as "without recourse," or words of similar import. See Maine Trust & Banking Co. vs Butler (Minn.) 48 N. W. 333, 12 L. R. A. 370, where the question is almost identically the same as in the case at bar. The indorsement in the note there was as follows: "For value received, I hereby assign and transfer the within note, together with all interest in and all rights under the mortgage securing the same to L. D. Cooke." The court there used this language: "The appellant in this case, with much care, indicated his purpose to sell and transfer the note, but he failed to limit and qualify his indorsement by words which would clearly indicate such an intent, if in fact it existed. It was incumbent upon him to do so, if he intended or expected to escape the liability of the ordinary indorser. The phrase 'without recourse,' or its equivalent, which must be used on such occasions, is a very simple one, and in every day use. The appellant did not insert in his contract of indorsement this phrase, or words equivalent thereto. To relieve one who puts his name on the back of a negotiable promissory note from liability

as an indorser he must insert in the contract itself words clearly expressing such an intention." To the same effect is Davidson vs Powell (N. C.) 19 S. E. 601. See, also, Markey vs Corey, 108 Mich. 184, 66 N. W. 493, 36 L. R. A. 117, 62 Am. St. Rep. 698 and Sears vs Lantz, 47 Iowa, 658. In those cases the word "assign" is used, and the courts there held that the payee was not relieved of liability as an indorser. The statute (section 482, Mansf. Dig. (Ind. Ter. Ann. St. 1899, § 464)), also says: "All indorsers or assignors of any instrument in writing assignable by law, for the payment of money alone, on receiving due notice of the non-payment or protest of any such indorsed or assigned instrument in writing, shall be equally liable with the original maker, obligor or payee of such instrument, and may be sued for the same at the same time with the maker, obligor or payee thereof, or may be sued separately."

The judgment of the court below is therefore affirmed.

CLAYTON and LAWRENCE, JJ., concur.