BEHRENS et al. v. KIRKGARD.[†]

(Court of Civil Appeals of Texas. Dallas. Jan. 20, 1912. Rehearing Denied Feb. 10, 1912.)

1. BILLS AND NOTES (§ 267*)—INDORSEMENT —EFFECT.

In the absence of restrictive language, an indorsement involves but one contract, and does not consist of one contract of transfer and another of assumption of contingent liability.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 620; Dec. Dig. § 267.*]

2. BILLS AND NOTES (§ 291*)—INDORSEMENT —RESTRICTIONS.

An indorsement of a vendor's lien note, reciting that the note was hereby sold, transferred, and assigned, together with the vendor's lien, does not restrict the liability of the indorser to a mere warranty of the title of the note, but renders him personally liable for payment.

[Ed. Note.—For other cases, see Bills and Notes, Cent.· Dig. §§ 634–636; Dec. Dig. § 291.*]

3. EVIDENCE (§ 423*)—PAROL EVIDENCE—INDORSEMENT—RESTRICTIONS.

.　Parol evidence is not admissible to show that an indorsement of a note was intended to be without recourse.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1943; Dec. Dig. § 423.*]

4. ALTERATION OF INSTRUMENTS (§ 24*)—INDORSEMENT—ERASURES—EXPLANATION.

Where an indorsement of vendor's lien notes was made on a printed form, and the indorser struck out the words, "And as indorser guarantee the payment of the within note at maturity," the erasure does not call for any explanation, or indicate a restriction of liability and the legal effect of the operative words of the indorsement should be ascertained without reference to the erasure.

[Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. §§ 208–215; Dec. Dig. § 24;* Evidence, Cent. Dig. § 1579.]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

Error from District Court, Dallas County; Kenneth Foree, Judge.

Action by S. Kirkgard against F. L. Behrens and others. There was a judgment for plaintiff, and defendants bring error. Affirmed.

Gano, Gano & Gano, for plaintiffs in error. Dabney & Townsend, for defendant in error.

RAINEY, C. J. [1, 2] This suit was brought by defendant in error, Kirkgard, against the plaintiffs in error, to recover on a vendor's lien note executed by J. M. Hail, and payable to F. L. Behrens and Irby Walton. The note was transferred several times, finally reaching Kirkgard, who is now the owner. The indorsers were made parties, who pleaded a verbal understanding as to themselves that they were not to be personally liable as indorsers, and further to the effect that the form of their indorsement on their faces imports only a transfer of the title to the notes, and does not impose upon them any personal liability. Plaintiff presented an exception to said answer, which was sustained by the court, and a judgment was rendered against the maker and indorsers. This writ of error is prosecuted by all of the indorsers; Hail, the maker, accepting the judgment.

The indorsements on the note are as follows:

"For value received I hereby sell, transfer and assign to F. L. Behrens my one-half interest in the within note, together with the vendor's lien on the property securing same, ~~and as endorser guarantee the payment of the within note at maturity, or on demand at the time after maturity, waiving demand, protest and notice of nonpayment thereof.~~

"Irby Walton.

"For value received I hereby sell, transfer and assign to R. D. Seaton this note, together with the vendor's lien on the property securing the same. F. L. Behrens.

"For value received I hereby sell, transfer and assign to S. M. Wood this note, together with vendor's lien on the property securing same. R. D. Seaton.

"For value received I hereby sell, transfer and assign to S. Kirkgard this note, together with vendor's lien on the property securing same. S. M. Wood. S. Kirkgard."

The first transfer was printed, but it will be noted that the latter part thereof was erased. This erasure was made before it was signed. The indorsers, Behrens, Walton, Seaton, and Wood contend "the words, 'I hereby sell, transfer and assign my interest in the note, together with the vendor's lien on the property securing same,' are simply words of conveyance and do not operate as an indorsement of commercial paper according to the law merchant. Such words simply convey the note as personal property, but do not obligate the transferror as indorser to pay the note." This contention raises the main question for our determination.

The rule that every indorsement consists prima facie of two distinct contracts, (1) the present transfer and negotiation of the note, and (2) the assumption of a future contingent liability on the part of the indorser, does not prevail in this state, where there is no specific language restricting the indorsement. The indorsements herein do not, in our opinion, contain any restrictive language which limits the liability of the indorsers to a mere warranty of the title to notes, and exonerate them from personal liability for the payment thereof.

There are some authorities that sustain the contention of plaintiffs in error; but we think the decided weight of authority sustains the position that the written indorsements herein not only transferred the title to the notes, but also made the indorsers personally liable for its payments. Neal v. Andrews, 60 S. W. 459; Markey v. Corey, 108 Mich. 184, 66 N. W. 493, 36 L. R. A. 117, 62 Am. St. Rep. 698; Henderson v. Ackelmire, 59 Ind. 540; Sears v. Lantz, 47 Iowa, 658; Main Trust & Banking Co. v. Butler, 45 Minn. 506, 48 N. W. 333, 12 L. R. A. 370; Mayes Mercantile Co. v. Handley, 6 Ind. T. 357, 98 S. W. 125; Shelby v. Judd, 24 Kan. 166; Sands v. Wood, 1 Iowa, 263; Hatch v. Barrack, 34 Kan. 230, 8 Pac. 129; Adams v. Blethen, 66 Me. 19, 22 Am. Rep. 547; Jacobs v. Gibson, 77 Mo. App. 244; Daniel on Negotiable Instruments (5th Ed.) §§ 688b and 688c; Randolph on Commercial Paper, § 704; Tiedeman on Commercial Paper, § 265.

[3] Parol testimony is not admissible to show that an indorsement on a note was intended to be without recourse. Cresap v. Manor, 63 Tex. 485; Wizig v. Beisert, 120 S. W. 954; Dwiggins v. Bank, 27 S. W. 171; Martin v. Cole, 104 U. S. 30, 26 L. Ed. 647; Daniel, Neg. Inst. § 719; Randolph, Commercial Paper, § 779.

[4] The erasure of the words in the last part of the first indorsement does not call for any explanation, nor does it indicate the restriction of liability; but the legal effect of the remaining language should prevail, without regard to the erasure.

The judgment is affirmed.