### J. H. BOYD v. E. H. TARRANT.

A note which is not negotiable within the meaning of the Law Merchant, is subject, in the hands of an assignee, to any defence which arises out of the circumstances under which it was made, although the assignee may have received the note without actual notice of such circumstances.

Error from Ellis.

*J. W. Berry*, for plaintiff in error.

*T. J. Jennings*, for defendant in error.

WHEELER, J.   The notes sued on, not being negotiable, were subject to the same equities and defences in the hands of the plaintiff, as in the hands of the payee.   And if it be true, as averred in the answer,—and for the purpose of considering the sufficiency of the answer, upon the exceptions, it must be taken to be true,—that the notes were made for the use and benefit of Starrett, then he was the beneficiary, and the payee was but a mere trustee, clothed with the naked legal title; and the notes were subject to the same equitable defences as if they had been made payable to Starrett, the real owner, and had remained in his hands.   And if it be true also, that they were given in part consideration for a tract of land, and the improvements thereon, upon a contract of purchase by the defendant of Starrett; and that the latter contracted to make title to the defendant upon a day certain, which had transpired; and he failed to comply with the contract on his part, and has not and never had any title whatever, legal or equitable, to convey; and that the defendant had already paid the sum specified, which was more than adequate compensation for the value of

the improvements sold and delivered to him by Starrett; and the defendant was compelled, in consequence of Starrett's failure to comply with his contract, to purchase a certificate, and locate the land to save his improvements. These facts would certainly constitute a defence to an action by Starrett upon the notes in question. And, under the averments of the answer, (if established in proof,) they were equally available to the defendant, as a defence to the present action. The averment that the defendant had already paid for the improvements more than their full value, in such a case, where the vendor had no title or right whatever to convey, it being vacant public land, and the defendant being himself compelled to purchase a certificate and locate it to save his improvements, is an answer to the objection that he does not offer to restore possession of the premises and improvements. He cannot be required to place his vendor *in statu quo*, when he would himself be thereby placed in a worse condition, by reason of the breach of contract by his vendor. The answer, we think, presented a defence to the action, at least to the extent of the sum paid, and expenses necessarily incurred by the defendant to secure the land and save his improvements. And we are of opinion, therefore, that the Court erred in sustaining exceptions to the answer. The defendant should have been afforded the opportunity to establish by proof, if he could do so, the averments of his answer. And in order that that opportunity may be afforded him, the judgment must be reversed and the cause remanded.

Reversed and remanded.