### EVANS v. SWARTZ et al.   (No. 9138.)

(Court of Civil Appeals of Texas. Dallas. May 31, 1924. Rehearing Denied June 21, 1924.)

**1. Bills and notes ⬳318—Equitable assignee of interest subject to same equities and defenses as payee.**

Equitable assignee of interest in proceeds of nonnegotiable note took subject to same equities and defenses arising out of environment under which note was executed, though assignee's interest arose before their execution; maker having no knowledge of assignee's interest.

**2. Evidence ⬳441 (11) — Nonnegotiable note may not be varied by showing verbal agreement allowing makers to deduct sums paid by them towards expense of receivership.**

Nonnegotiable note cannot be varied by showing verbal agreement to effect that makers were to be allowed to deduct any sums paid by them toward expense of certain receivership.

**3. Compromise and settlement ⬳11—Dismissal of suit at "cost" of party transferring interest construed.**

Word "cost" in an agreement of seller of interest in property held by receiver to dismiss suit at his own cost *held* to have reference to items of expense incurred in course of judicial proceeding properly taxable as costs, and not to payment of operating expenses incurred in course of receivership, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 2135.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cost.]

**4. Receivers ⬳55 — Operating expenses incurred in course of receivership as costs to be adjudged against party responsible.**

Liability for operating expenses incurred in course of receivership adjudged against a party responsible for appointment of receiver, and against whom, as a whole, costs of court incurred should be properly taxed, would be a liability arising from order of court, and not by operation of law; same being exercise of power resting within sound discretion of court, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 2135.

Appeal from Dallas County Court, at Law; Wylie A. Bell, Judge.

Suit by John F. Evans, Jr., against D. W. Swartz and others. Judgment for defendants, and plaintiff appeals. Reformed and affirmed.

Crane & Crane, of Dallas, for appellant.
Seay, Seay, Malone & Lipscomb, of Dallas, for appellees.

VAUGHAN, J.   This suit was originally instituted in the county court of Stephens county on February 2, 1922, by the appellant, John F. Evans, Jr., as plaintiff, against appellees D. W. Swartz and C. C. McCandless (hereinafter referred to as Swartz and McCandless) and P. H. Smith and M. L. Whitney (hereinafter referred to as Smith and Whitney) as defendants, alleging that on or about August 14, 1921, Swartz and McCandless employed appellant to bring suit in their behalf against Smith and Whitney and one Geo. J. Clark to recover their interests in a gas absorption plant operating under the name of the Absorption Gas Products Company, which plant was situated in Stephens county, Tex., and of which Swartz and McCandless and Smith and Whitney and Geo. J. Clark were alleged to be the joint owners. Swartz and McCandless claimed that they had been wrongfully excluded from participating in the management and control of the plant, and desired a receiver to take charge and operate same.

Appellant further alleged that, in consideration of his services in bringing said suit, Swartz and McCandless agreed to pay him 15 per cent. of whatever sum was recovered by said suit, either by compromise or by litigation; but it was not alleged that any notice of this understanding with reference to the 15 per cent. was ever given to Smith and Whitney.

Appellant further alleged that he did file suit for Swartz and McCandless in the district court of Stephens county, and, upon an ex parte hearing, procured the appointment of a receiver to take charge of said plant; that thereafter, upon a hearing on its merits, the receivership was vacated, and the plant restored to Smith and Whitney; that soon thereafter an agreement was entered into between Swartz and McCandless and Smith and Whitney and Geo. J. Clark, by which Swartz and McCandless were recognized as co-owners of the plant; that thereafter Swartz and McCandless acknowledged their indebtedness to appellant, but requested him to wait until they could sell their interest in the plant, at which time they would

pay him 15 per cent. of whatever amount they should receive for their interests, to which agreement appellant consented, but no notice of this arrangement was alleged to have been given to Smith and Whitney.

Appellant further alleged that the transaction between himself and Swartz and McCandless created an equitable assignment to him of 15 per cent. of their interest in said gas absorption plant and of the proceeds of any sale that might thereafter be made by said Swartz and McCandless. As to this assignment, it was not alleged that Smith and Whitney ever had any notice.

Appellant further alleged that thereafter Swartz and McCandless sold their interest in said gas absorption plant to Smith and Whitney for $2,400; that said consideration was not paid in cash, but that the larger portion of it was represented by nonnegotiable notes, and that appellant was entitled to 15 per cent. of said $2,400.

The case was transferred to the county court of Dallas county at law, No. 2, on plea of privilege filed by all of the appellees. A general demurrer and general denial were filed in Dallas county by Swartz and McCandless, but no further appearance was made by them. Smith and Whitney filed an answer to the merits, alleging, in substance, that, after the order vacating the receivership had been entered in the district court of Stephens county, Swartz and McCandless filed another suit in the district court of Dallas county against them, in which Swartz and McCandless sought an accounting, and also to have a receiver appointed for the properties of the gas absorption plant; that later, on December 24, 1921, the second suit was settled by Smith and Whitney purchasing the interest of Swartz and McCandless in said plant for a consideration of $2,400, $600 of which was paid in cash, and the balance evidenced by a series of six notes executed by Smith and Whitney dated December 24, 1921, payable alternately to Swartz and McCandless, the first four of which, aggregating $1,200, were negotiable, and had been paid at the time of the filing of the answer, and the last two of which, Nos. 5 and 6, for $150 and $450, respectively, payable to D. W. Swartz and Chas. C. McCandless, respectively, due 150 days after date, amounting in the aggregate to $600, were nonnegotiable, and, except for the offsets claimed against them, had not been paid; that said agreement and settlement was reduced to writing, the original thereof being attached to said answer as an exhibit.

Said agreement contained, among other things, the following provisions:

"The aforesaid notes bear 8% interest, and notes Nos. 5 and 6 shall be nonnegotiable and shall be so marked. The said D. W. Swartz and Chas. C. McCandless agree to dismiss the Stephens county suit, if it is still pending, at their own cost, and also agree to dismiss cause No. 41202B, D. W. Swartz et al. v. P. H. Smith et al., in the Forty-Fourth judicial district court of Dallas county, Texas, at their own cost."

It was further alleged that said Swartz and McCandless had not paid the cost and expenses of the receivership in Stephens county; that Smith and Whitney had made the following payments, which they allege were a part of the expense of the receivership, and which they pleaded as offsets to their liability on the two nonnegotiable notes in accordance with the terms of the agreement of settlement, to wit:

| | |
|---|---|
| December 15, 1921, to H. P. Hale, for labor.. | $ 80 00 |
| October 21, 1921, to Jack Witt, board.......... | 55 50 |
| September 24, 1921, to H. P. Hale, for labor.. | 50 00 |
| October 13, 1921, to J. Witt, for labor........ | 10 00 |
| September 15, 1921, to S. W. Hardwick, for labor ..................................... | 188 16 |
| September 9, 1921, to J. F. Cox, for labor.... | 35 00 |
| September 10, 1921, to A. W. Sammons, for labor ......................................... | 10 00 |
| September 24, 1921, to A. W. Sammons, for labor ......................................... | 50 00 |
| September 24, 1921, to J. F. Cox, for labor.. | 50 00 |
| September 14, 1921, for water rent............ | 160 00 |

The case was tried before the court without a jury, and resulted in a judgment in favor of appellant against Swartz and McCandless for $387, and against Smith and Whitney for the sum of $9.44, being the amount of the nonnegotiable notes, less the above sums, aggregating $590,56, allowed Smith and Whitney as an offset against said notes.

There is presented by this appeal but one vital question to be considered, to wit: Was the defense pleaded by the appellees and the testimony offered in support thereof properly considered by the trial court, or should it have been excluded because it was in violation of the rule of evidence prohibiting the admission of parol evidence to vary, contradict, or change the plain terms of a written instrument?

[1] Appellant's right to a recovery in this case was based upon an alleged equitable assignment of 15 per cent. of the proceeds of the two nonnegotiable notes executed on December 24, 1921, under the terms of the written agreement of settlement of that date made and entered into between Smith and Whitney and Swartz and McCandless, whereby Smith and Whitney purchased the interest of Swartz and McCandless in the gas absorption plant for $2,400, and, as a part of said purchase price, executed the two nonnegotiable notes. At the time of the making of said settlement and the execution of said notes Smith and Whitney had no notice of appellant's agreement with Swartz and McCandless with reference to the assignment to appellant of 15 per cent. of their interest in said gas absorption plant, or in the proceeds of said notes, and had no notice thereof until some time in January thereafter; therefore the interest acquired by appellant

under said assignment in said nonnegotiable notes was· subject to the same equities and defenses arising out of the environments under which ·said notes were executed, as if same had been in the hands of and asserted by the original payee' as a liability against Smith and Whitney, the makers. Boyd v. Tarrant, 14 Tex. 230; Wells v. Groesbeck, 22 Tex. 429. Therefore, if the defense urged by Smith and Whitney should have prevailed against a suit instituted on the notes by Swartz and McCandless, then the judgment appealed from should be affirmed.

[2] The following evidence of Smith, admitted over the objections of appellant, to wit, that an oral agreement was made between Smith and Whitney on the one hand, and Swartz and McCandless on the other, to the effect that Smith and Whitney were to be allowed to deduct any sums paid by them towards the expense of the receivership pending in Stephens county from the amount of the two nonnegotiable notes, was subject to appellant's objection that said testimony concerned a prior. or contemporaneous oral agreement which varied, altered, and contradicted the terms of said written contract and notes of date December 24, 1921. The contract between Swartz and McCandless and Smith and Whitney was one of sale and purchase. Under its terms Smith and Whitney purchased the interest of ' Swartz and McCandless in the gas absorption plant as of the date of the contract, to wit, December 24, 1921. This contract of purchase was clear and unambiguous, and purported to cover by its terms the entire transaction. No explanation was necessary to understand its terms. The consideration was $2,400, part of which was evidenced by the two nonnegotiable promissory notes payable to Swartz and McCandless. These notes constituted an unconditional promise to pay the amounts of money therein named. The fact that they were made nonnegotiable did not render them any the less clear and certain in their terms. It merely made them subject to any equities that existed between the parties, without in any manner destroying their character as a written instrument, or lessening their right to protection under the rule prohibiting the admission of parol evidence to vary, contradict, change, or alter the terms of a written instrument.

The effect of the testimony objected to was to change the notes from. an unconditional promise to pay a sum certain to a promise to pay a smaller or possibly no sum at all, and to change the purchase price named in the contract of sale to a lesser amount. Said testimony, therefore, not only varied and altered the contract and notes in a material particular, but was inconsistent with and abrogated a material part of said written instruments; hence was not admissible. to show that the consideration therein named

was not the true. one for the contract. The strength of the objection to the admission of this evidence rested in the fact that same was inconsistent with and abrogated said written instruments in a material particular. Crooker v. Nat. Phonograph- Co. (Tex. Civ. App.) 135 S. W. 647; First Nat. Bank· v. Powell (Tex. Civ. App.) 149 S. .W. 1096; Carrison v. Richards (Tex. Civ. App.) 107 S. W. 861; H. & T. .C. Ry. Co. v. McKinney, 55 Tex. 176; Coverdill v. Seymour, 94 Tex. 1, 57 S. W. 37.

The written agreement under .which the notes were excluded was .not silent as to the condition or contingency upon which' said notes were payable, but in terms sufficiently clear to convey what was evidently the purpose of the parties revealed, the subject-matter being dealt with, the rights surrendered, and burdens assumed, to .be performed on account of the execution of said notes, to wit, the settlement of a difference between the parties, based upon 'rights asserted in certain property alleged to be the common property of appellant and appellees. Their interest was recognized, and the terms of settlement which involved the recognition of said interest and the purchase of same were clearly revealed, as well as the manner in which the purchase price should be paid, to wit, so much cash and the execution of notes representing the deferred payments. The burden thus to be borne by Smith and Whitney was no less clear than the reciprocal obligation assumed to be performed by Swartz and McCandless, to wit, that, in consideration of the $2,400 paid, and to be paid, as stated in said agreement, their interest was conveyed to Smith and Whitney, and, in addition thereto, they were to dismiss the Stephens county suit, if still pending, at their own cost, and to dismiss the suit filed in Dallas county at their own cost.

[3, 4] As used in said agreement, the word "cost" had reference to the items of expense incurred in · the course of said judicial proceedings properly taxable as costs of court in favor of the prevailing and against the party cast therein, and did not refer to and include, within the terms of said agreement, as a part of the obligation to· be performed by Swartz and McCandless, the payment of the operating expenses incurred in the course of. the receivership, same not constituting court costs as that term is herein defined, and therefore could not have been properly taxed as such against either party to the suit. However, conditions may exist which, under a proper showing, would authorize the operating expenses incurred in the course of the receivership to be adjudged against the party responsible for the appointment of the receiver, and against whom, as a whole, the cost of court incurred therein should be properly taxed. This, however, we think would be a liability arising from the order of the

court, and not by operation of law, same being the exercise of a power resting within the sound discretion of the court. Texas & Pacific Ry. Co. v. Johnson, 76 Tex. 421, 13 S. W. 463, 18 Am. St. Rep. 60; M., K. & T. Ry. Co. v. McFadden Bros., 89 Tex. 138, 33 S. W. 853; article 2135, V. S. T. C. S. 1914. This article deals with the application of funds in the hands of a receiver and claims preferred, and recognizes a distinction between court costs and expenses of operation incurred in the course of receivership, as is evidenced by the following provision of said article:

"All moneys that come into the hands of a receiver as such receiver shall be applied as follows: First, to the payment of all court costs of the suit; second, to the payment of all wages of employés due by the receiver; third, to the payment of all debts due by the receiver for materials and supplies purchased during the receivership by the receiver for the improvement of the property in his hands as receiver; fourth, to the payment of all debts due for betterments and improvements done during the receivership to the property in his hands as such."

The several items representing operating expenses incurred by the receiver aggregating $590.56, urged by Swartz and McCandless as an offset to the notes, were not even outstanding in the hands of the original holders as a claim to be allowed and ordered paid by the court by the receiver out of the funds received by him as such at the time said agreement and notes were executed. Said items, representing expense of operation, having been voluntarily paid off and discharged by Smith and Whitney, against whom there did not exist any moral or legal liability, at best could only have been taken into account in a settlement between the owners of said gas absorption plant to the end that each should make just contribution so as to reimburse Smith and Whitney for the money expended in discharging said items of expenses, and only then in the event same constituted, or would have, by proper order of the court, been made to constitute, a claim to be paid by said plant as a charge against the assets of same.

It is apparent that the evidence offered was to establish an agreement on the part of Swartz and McCandless to pay to Smith and Whitney a certain sum of money in addition to the court costs contracted to be paid by them, and therefore the effect of said evidence was not only to vary and contradict the terms of said instrument, but to add additional terms thereto imposing an obligation not embraced within the plain provisions of said instrument, and which, by its unambiguous terms, was excluded, it not being apparent therefrom that said agreement was not intended as a complete embodiment of the undertaking on the part of the respective parties thereto. Chapman v. Witherspoon (Tex. Civ. App.) 192 S. W. 281.

There is another barrier to the defense urged by appellees Smith and Whitney. As found by the trial court in its conclusions of fact, the several items comprising the offset allowed by the trial court had been acquired by them prior to the purchase of the Swartz and McCandless interest in the gas plant, and before the execution of the agreement and notes. Therefore, if there existed any obligation on the part of Swartz and McCandless to pay to Smith and Whitney the amount of money represented by said items, it was an obligation due and payable at the time said notes were executed, and it is to be assumed that, in the face of said liability, if it existed on the part of Swartz and McCandless, to pay Smith and Whitney said sums of money aggregating $590.56, same was taken into account in the execution of said written agreement and notes, and that by the payment of the sum of $600 in cash and the execution of said notes as alleged, both by appellant and appellees, same was an acknowledgment on the part of Smith and Whitney, at least to the extent that no claim at that time was asserted by them against Swartz and McCandless on account of payment of said sums urged by them as an offset to said notes. This being true, and as there was no other time, as revealed by the record, when such liability could have accrued on account of said transaction, it should be assumed that same was not intended by the parties to be included within the terms of said agreement.

We therefore hold that the trial court erred in allowing the offset aggregating $590.56 claimed by Smith and Whitney, and admitting evidence in support thereof, and that said judgment should be reformed so as to allow appellant recovery against Smith and Whitney for the amount of his judgment against Swartz and McCandless, to wit, the sum of $387, with interest thereon from date of the judgment of the trial court, and in all other respects that the judgment should be affirmed; and it is so ordered.

Reformed and affirmed.