## ÆTNA LIFE INS. CO. v. SMITH et al.
### (No. 3344.)

Court of Civil Appeals of Texas. Texarkana. Jan. 27, 1927.

**Trial ⬤⟹368—Admitting evidence of other injury, where terms of agreed facts were complete, except extent of injury to claimant's hand, held. error (Rev. St. 1925, art. 2177; district and county court rules No. 47).**

In suit arising on award of the Industrial Accident Board for injury to employee's hand, where parties agreed that statement of facts was complete with exception of extent of disability to claimant's right hand, admitting evidence of other bodily infirmities was error, in view of Rev. St. 1925, art. 2177, and rules of district and county courts, No. 47.

Appeal from District Court, Cherokee County; O. A. Hodges, Judge.

Suit by the Ætna Life Insurance Company against T. H. Smith and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded for new trial.

Morris, Sewell & Morris, of Houston, for appellant.

J. B. Guinn, of Jacksonville, for appellees.

LEVY, J. The suit arose under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309). The appellee T. H. Smith was an employee of M. A. Davey, who held a policy of workmen's compensation insurance issued by the appellant. On November 18, 1925, the appellee T. H. Smith was injured in the course of his employment by reason of a piece of hot steel striking the back of his right hand. The Industrial Accident Board made an award, and the appellant objected thereto and filed suit in the district court of the county in which the injury occurred.

At the date of the trial, August 23, 1926, it appears that the parties entered into and signed a written agreement as to the facts of the case, concluding as follows:

"That this agreement constitutes a complete statement of all the facts in this case, with the exception of the extent of the disability to claimant's right hand."

The principal assigned errors relate to these agreed facts. The appellant repeatedly objected, as shown by bills of exception, to any evidence of injury outside the terms of the agreement. Evidence of bodily injury and infirmity other than to the "right hand" was nevertheless offered and made a basis of finding by the jury, upon which judgment was rendered. The agreed statement was offered in evidence, and the record does not disclose objection thereto on the part of appellee in any particular, of mutual mistake or otherwise. Neither does the record show any alteration or change or rescission of the agreed facts in any wise. Conse-

quently, as the record stands, in no wise could the inquiry have been extended beyond the terms of the agreement by either party, such agreement not being mutually rescinded or invalidated in any particular, by mistake or otherwise, and being valid under the statute and rules. Article 2177, R. S. 1925; rule 47, district and county courts.

In view of this agreed statement of facts, upon which the rights and liabilities of the parties were to be determined, the judgment must be reversed, because of the assigned errors in admitting, over objection, evidence of injuries wholly outside of the agreed facts, and in not confining, as requested, the issues to the jury of the extent of the specific injury stated.

The judgment is reversed, and the cause is remanded for another trial.