## STUBBLEFIELD et al. v. COOPER.

### No. 3497.

Court of Civil Appeals of Texas. Amarillo.

Nov. 26, 1930.

Rehearing Denied Jan. 7, 1931.

Hugh L. Umphres, of Amarillo, for appellants.

Cooper & Lumpkin, of Amarillo, for appellee.

JACKSON, J.

Paul W. Cooper instituted this suit in the district court of Potter county, Tex., against J. E. Stubblefield, E. M. Pittman, M. A. Crum, and L. A. McKercher, to recover on a promissory note for the principal sum of $1,000, dated February 1, 1927, executed by the defendants, payable to E. Cooper at Amarillo, Tex., bearing interest at the rate of 8 per cent. per annum, and containing the usual 10 per cent. attorneys' fee clause.

Plaintiff alleged the transfer and assignment of the note to him on September 17, 1927, before maturity, by E. Cooper for a valuable consideration, the default of the defendants, the placing the note in the hands of attorneys for collection, and sought judgment for the sum of $1,000, with interest and attorneys' fees.

The defendants, in addition to a general demurrer and general denial, pleaded in answer that the note sued on was executed in pursuance to a written contract between E. Cooper as first party and the defendants as second party, whereby the defendants were obligated to indemnify said E. Cooper against being compelled to pay and deliver to J. E. Pitts an escrow deposit of $1,000 under the provisions of another written contract entered into by E. Cooper and J. E. Pitts, which last contract was copied into the contract between E. Cooper and the defendants.

The defendants alleged:

That, under the terms and conditions of the contract between them and E. Cooper, they agreed to pay the $1,000, or so much thereof as the said Cooper was compelled to pay. That if E. Cooper was able to com-

promise for a less sum, the defendants were to pay only the amount of such compromise, and, if it was determined that E. Cooper was liable for all or any part of the escrow deposit, the defendants should have the right to negotiate and consummate any compromise they could with J. E. Pitts relative to the payment of said $1,000.

That it was contemplated that the question of whether E. Cooper would be compelled to pay said deposit should be determined by a suit and the defendants given the opportunity to defend such suit. That the defendants would have defended such suit but had no notice thereof, E. Cooper having, on some kind of an agreement between himself and J. E. Pitts, disposed of the matter. That the plaintiff is the son and attorney in fact of the said E. Cooper, and had full notice and knowledge of such contracts and all the facts herein pleaded long prior to the time he acquired the note in suit, and took it with all the equities and defenses that might have been urged against the payee.

The defendants by trial amendment alleged that E. Cooper was not compelled to pay the $1,000 to J. E. Pitts; that he made no compromise to pay a less amount, and that it was never determined that the said E. Cooper was liable for said $1,000 or any part thereof; that E. Cooper brought suit in the district court of Potter county, Tex., against J. E. Pitts, Roy Williams, and the Amarillo National Bank for the recovery of said $1,000 without advising the defendants thereof; that without their knowledge, by agreement, he allowed judgment to be entered against himself and in favor of J. E. Pitts and Roy Williams for said $1,000, and the money was on the same day paid by the Amarillo National Bank to J. E. Pitts and Roy Williams by virtue of said agreed judgment, on account of which facts and the allegations in the original answer the defendants are not liable on the note, plaintiff having full knowledge of all such facts at all times.

Plaintiff replied to the trial amendment by general demurrer, special exceptions, general denial, and alleged that the note sued on was executed February 1, 1927, and the contract between defendants and E. Cooper purported to have been executed January 26, 1927, and that such contract constitutes no part of the note sued on, and is in no manner connected therewith; that the note bears interest from date at the rate of 8 per cent. per annum, provides for attorneys' fees in the event of default in the payment thereof, and the contract relied on by the defendants limits their liability to the specific sum of $1,000.

The plaintiff dismissed his suit as to the defendants M. A. Crum and L. A. McKercher, and the court directed a verdict in favor of the plaintiff Paul E. Cooper and against the defendants J. E. Stubblefield and E. M. Pitt-

man, for the principal, interest, and attorneys' fees provided for in the note.

In compliance with the instructions of the court, the jury rendered a verdict in the sum of $1,366.40 in favor of the plaintiff, and the court entered his judgment in accordance therewith, from which judgment this appeal is prosecuted.

The appellants, by several assignments which we will consider together, assail as error the action of the trial court in directing a verdict against them because the pleadings and evidence presented controverted issues of fact which, if determined by the jury in their favor, would have constituted a defense to the note.

In determining whether directing a verdict in favor of appellee was error, only the testimony offered by the appellants will be considered. Massie v. Hutcheson (Tex. Civ. App.) 296 S. W. 939; First National Bank et al. v. Rush (Tex. Com. App.) 210 S. W. 521.

The testimony shows that appellee was the son of E. Cooper; that they were partners in certain business in Montana and that the oil properties referred to on their letterheads "is this Texas property"; that the appellee was the agent of, looked after, and tended to, his father's business in Texas, including oil properties; that all the transactions in the record related to oil properties. The testimony tends to show that appellee had spoken to both of the appellants about the note which he designated and said is "my dad's note," and he had it for collection. Appellant Stubblefield testified that in his conversation he advised appellee that he understood the $1,000 had not been returned, and asked appellee if it had been, and also asked him about the contract.

The testimony also tends to show that the note sued on by the appellee and the contract relied on by appellants were executed and delivered at the same time and constituted one and the same transaction. The contract between E. Cooper, who was first party, and appellants, who were second parties, bears date of January 26, 1927, and, among other things, provides, in effect, that second parties agree to pay to first party the sum of $1,000 in case and upon the condition that first party is compelled to pay to J. E. Pitts the escrow money of $1,000; that, if the first party is able to effect a compromise with Pitts for a lesser amount, the second parties shall be liable for the amount only of the compromise; that, if it be determined that first party is liable to pay Pitts any or all of said escrow money, second parties shall have the right to undertake and consummate any compromise they may be able to effect with Pitts, and in no event shall second parties be bound to pay a greater sum than $1,000.

The contract between E. Cooper and J. E. Pitts, so far as necessary to this appeal, pro-

·vides, in substance, that the said Cooper has sold certain land, which is described, to J. E. Pitts, for the sum of $8,000; that the said Pitts has deposited in the Amarillo National Bank $1,000 to be paid to Cooper as liquidated damages if he refuses to accept the property, provided the abstract which Cooper contracted to furnish shows good and merchantable title to the property.; that Pitts was to have a reasonable time to have the abstract examined, and Cooper was to cure any objections to the title, if possible, and, if not possible to cure such objections, the $1,000 was to be returned to Pitts.

■■ The testimony discloses that on January 10, 1927, E. Cooper, on the contract between himself and Pitts, instituted suit in the district court of Potter county, Tex., against J. E. Pitts, Roy Williams, and the Amarillo National Bank, and sought judgment against said parties for the $1,000 deposited with the bank by J. E. Pitts as provided in the contract; that on June 3, 1927, all the parties appeared in open court, announced that all matters had been settled between them under "an agreement that the defendants J. E. Pitts and Roy Williams should be entitled to receive from the Amarillo National Bank" the sum of $1,000 deposited on a certain contract for the sale of an oil and gas lease by E. Cooper to J. E. Pitts, and that on this agreement judgment was entered, and in compliance therewith the $1,000 escrow deposit was by the bank paid to J. E. Pitts and Roy Williams. The testimony tends to show that the appellants had no knowledge of the pendency of said suit or the settlement thereof, and were not given an opportunity to contest the suit if they so desired or to compromise for a less amount than the $1,000, and that no effort was made by E. Cooper to effect a compromise by which he could settle for less than $1,000.

The testimony of E. Cooper's attorney, who filed the suit for him against J. E. Pitts, Roy Williams, and the Amarillo National Bank, is to the effect that, at the time the suit was filed, he did not have access to the correspondence between Cooper and Pitts; that, when he obtained such correspondence, he learned that the attorney who passed on the title for Pitts had written an opinion making certain demands with reference to the title, and "Mr. Cooper had no opportunity to make and maintain his suit for $1,000.00." The contract between Cooper and Pitts stipulates that, if the title to the land is good and merchantable, Pitts must accept the land or pay the $1,000 to Cooper as liquidated damages, and that, if any objections to the title were found, E. Cooper was to cure such objections, if possible. There is no testimony that E. Cooper made any effort to cure the objections raised by Pitts' attorney.

The testimony, in our opinion, was sufficient to raise the issue of whether appellee was an innocent purchaser and whether the note and contract evidenced one and the same transaction, and was so understood and intended by the parties.

Without intimating how the jury would have determined these issues, but assuming that the jury would have found in favor of appellants, would such findings have constituted a defense to appellee's note or any part thereof?

"In considering bills and notes as evidencing an agreement between the parties, application is made of the fundamental rule that other instruments executed at the same time, for the same purpose and in the course of the same transaction are to be construed therewith—that is, all the papers are given the same effect as though they were in fact a single instrument. This rule has been applied to a note and a guaranty executed as a part of the same transaction, where the two were negotiated to an innocent holder for value, to a note and mortgage executed at the same time and constituting one and the same contract, and to a written agreement providing for payment of notes out of a special fund and on a specified contingency." 6 Tex. Jur. 644. § 47.

The rule stated above is also announced in 8 C. J. 196, § 327.

"The provisions contained in contemporaneous writings may control the time or manner of payment, or the liability of the parties." 8 C. J. 197, § 328.

"So it is a defense to an action on a note by the payee against the maker that it was given under an agreement that no suit should be brought thereon against the maker." 8 C. J. 741, § 1015.

"Conditions in acceptance are to be reasonably construed, according to the presumed intention of the parties. If accepted according to the provisions of a particular contract, resort must be had to that contract to ascertain the terms of the acceptance." 8 C. J. 326, § 501.

See, also, 1 Joyce on Defenses to Commercial Paper, 716, § 520.

■ Under the assumption that the jury would have found these issues in favor of appellants, the note sued on and the contract relied upon by the appellants should, under these authorities, be construed as evidencing one and the same transaction and construed as if the provisions of both were contained in one instrument. This we think would constitute a conditional contract. To collect the note, the conditions stipulated in the contract should be complied with.

Chief Justice Cureton, speaking for the Supreme Court in Ferguson v. Mansfield et

al., 114 Tex. 112, 263 S. W. 894, 900, says: "It is quite elementary that an instrument payable upon a condition which does not import an absolute liability is not payable until that condition has happened."

■■ The testimony that the attorney who examined the title for J. E. Pitts made certain demands relative to the title before it would be acceptable and the testimony of the attorney bringing the suit for E. Cooper against Pitts et al. to recover the escrow deposit of $1,000 was, we presume, offered to show that the title was not good and merchantable, and, while this evidence was heard without objection, this incompetent testimony could not form the basis of a finding by the court that the title to the land was not good and merchantable. Henry et al. v. Phillips, 105 Tex. 459, 151 S. W. 533. This testimony, if entitled to any consideration under the law, which we doubt, was not of sufficient probative force to authorize the finding that the title was not good and merchantable.

Chief Justice Gaines, for the Supreme Court in Brackenridge v. Claridge et al., 91 Tex. 527, 44 S. W. 819, 821, 43 L. R. A. 593, in speaking of defective land titles, says: "The evidence relied on is that of the attorney of the proposed purchaser, who testified that it was not good. His conclusion necessarily involved his opinion as to the law of the title. The opinion of counsel, however able and learned, is not evidence. The court must determine the law for itself."

See, also, Kitchen v. Lloyd (Tex. Civ. App.) 14 S.W.(2d) 335.

■■ Under this record, appellants knew of no understanding between Pitts and E. Cooper save and except what was disclosed in the written agreement which was made a part of their contract with E. Cooper, and any understanding between Pitts and Cooper of which appellants had no notice would not be en-

forceable against them. Appellee's contention that the provisions of the contract are so contradictory and repugnant to the note that the two cannot be construed together, is, in our opinion, under the authorities untenable. The note and contract both being in writing, the law controlling contemporaneous oral agreements made relative to notes is not applicable. In our opinion, the contract and note, if construed together, discloses that the execution and delivery of the note was conditional and for a special purpose. Negotiable Instruments Act, article 5932, § 16, R. C. S.

In Rector v. Evans, 6 S.W.(2d) 105, 107, the Commission of Appeals says:

"Evans' pleading includes charges of an agreement that the note would be destroyed or returned to him if it turned out that Rector should not be able to get a judgment on the other claims and that he failed to get that judgment. If those charges be true, there was, we think, delivery 'for a special purpose only;' i. e., for holding by Rector to abide results in the other cases, with surrender or destruction of the 'note' (paper as well as obligation) if he lost in those cases."

■ The record discloses that the judgment against E. Cooper in his suit against Pitts, Williams, and the bank was entered by agreement, and was, in effect, an admission that E. Cooper was not entitled to recover the deposit of $1,000. The testimony tends to show that this agreed judgment was entered without the knowledge or consent of appellants and without their having been afforded an opportunity to compromise the claim with Pitts. This agreed judgment and settlement would not be sufficient to defeat the defenses of appellants. 1 Joyce on Defenses to Commercial Paper, 681, § 495.

In our opinion, the court erred in directing a verdict against appellants, and the judgment is reversed and the cause remanded.