RICHARD FAY, Appellant, *v.* HARRY C. WITTE, Respondent.

(Argued May 24, 1933; decided July 11, 1933.)

*Werner H. Pigors* for appellant.

*J. Vanderbilt Straub* for respondent.

CRANE, J.   The following promissory note was executed and delivered on the date mentioned:

"ALBANY, NEW YORK, *Jan.* 13th, 1931.

" November 1st, after date We promise to pay to the order of Harry C. Witte, Two Thousand Five Hundred Dollars, ($2,500.00) at the Central Bank of Albany, New York, with interest.

" Value received.

" HARRY C. WITTE, INC.

" By: HARRY C. WITTE, *Pres.*"

On the 14th day of February, 1931, which was long before maturity, the said payee, Harry C. Witte, for a good and valuable consideration, indorsed the note in the following manner:

" I hereby assign all my right and interest in this note to Richard Fay in full,

" HARRY C. WITTE."

Fay became the holder upon delivery and brings this action against Witte as an unqualified indorser, the note having been protested for non-payment, and due notice thereof having been given to the defendant, as

indorser. The Appellate Division, by a divided court, has held that Witte, by the assignment of the note, had rendered himself an indorser without recourse. He was, therefore, not liable as an unqualified indorser. The reason assigned for this conclusion in the opinion of the Appellate Division was that an indorsement implies two things: *one*, a transfer of the note; *second*, a promise to pay if a maker fails to do so. Witte, it was said, by having assigned the note transferring title, impliedly excluded the second condition or implication — the promise to pay upon default. We can find no justification in the Negotiable Instruments Law (Cons. Laws, ch. 38) for an implied qualified indorsement. Either the words, " without recourse," must be used, or other words of similar import. The exclusion of liability must be expressed by appropriate words, and not implied from the transaction. "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." (Neg. Inst. Law, § 113.)

The placing of this assignment and his name upon the note constituted Witte an indorser unless the words indicate a different intention. The signing on the back of the note has a different effect than would such signing under the same words on a separate paper not attached to the note. This would not be an indorsement at all. It would be a mere assignment transferring title. It is the writing on the back of the instrument itself which constitutes the indorsement with the effect given to it by the Negotiable Instruments Law. " Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser." (Neg. Inst. Law, § 36, subd. 6.) The payee's name being upon the back of the note, he is presumed to be an unqualified indorser, unless there are words which express a different

intention. The Negotiable Instruments Law, section 68, reads: " A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument. It may be made by adding to the indorser's signature the words ' without recourse ' or any words of similar import. Such an indorsement does not impair the negotiable character of the instrument."

We find no words in this indorsement which state expressly that the payee or indorser assigns or transfers the note, but is not to be held liable over in case of default. We have a clear expression of an assignment and transfer. This is what the words used mean. The note and title to the note were passed to Richard Fay, the plaintiff. However, we find nothing else. The words, " without recourse," are not used, nor any other words of " similar import." We may *imply* by the use of the word " assign," as did the Appellate Division, that the payee considered himself no longer liable, but implication is not permitted by the statute. The denial of recourse to a prior indorser must be found in the express words, " without recourse," or *words* of similar import. This indorsement contains no such words. Witte, the defendant, became an unqualified indorser liable as such upon nonpayment and notice of protest. This is the law as stated in most of the authorities, text-books and treatises. Daniel on Negotiable Instruments (Vol. 1, § 688-c) states the law as follows: " Does the writing over a signature on express assignment which the law imports from the signature *per se* exclude and negative the idea of conditional liability which the law also imports if such assignment were not expressed in full? We think not. It is from the fact that a payee assigns a bill or negotiable note by indorsement of his name on the back of it, that the law implies his liability as an indorser. His relation to the instrument creates the implication, and the circumstance that he sets forth that relation in express terms does not change it, for the maxim applies, *Expressio*

*eorum quœ tacitœ insunt nihil operatur.* Did the payee intend merely to pass the title he should use the words ' without recourse ' or some phrase of equal import. His liability is implied without words expressly creating it. To be negatived, words should be used which negate the implication." (See, also, Bigelow on Bills, Notes and Checks [3d ed.], § 256, pp. 184, 185; The Written Aspect of Indorsement, 34 Yale Law Journal, 144, 151.)

A like holding has been made in the following cases: *Farnsworth* v. *Burdick* (94 Kans. 749); *Copeland* v. *Burk* (59 Okla. 219); *Jones County Trust & Sav. Bank* v. *Kurt* (192 Iowa, 965); *Markey* v. *Corey* (108 Mich. 184); *Adams* v. *Blethen* (66 Me. 19); *Davidson* v. *Powell* (114 N. C. 575); *Maine Trust & Banking Co.* v. *Butler* (45 Minn. 506); *Citizens Nat. Bank* v. *Walton* (96 Va. 435); *Behrens* v. *Kirkgard* ([Tex. Civ. App.] 143 S. W. Rep. 698).

There are authorities the other way: *Hailey* v. *Falconer* (32 Ala. 536); *Spencer* v. *Halpern* (62 Ark. 595); *Ellsworth* v. *Varney* (83 Ill. App. 94); *Marion Nat. Bank* v. *Harden* (83 W. Va. 119); *Hammond Lumber Co.* v. *Kearsley* (36 Cal. App. 431); but we are of the opinion that the law is as we have here expressed it.

The judgment of the Appellate Division should be reversed and that of the County Court affirmed, with costs in this court and in the Appellate Division.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Judgment accordingly.