**W. T. BURTON COMPANY, Inc., Appellant,**

v.

**KEOWN CONTRACTING COMPANY and Keown Supply Company, Appellees.**

No. 6507.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 30, 1961.

Rehearing Denied Jan. 11, 1962.

Baker, Lamson & Plessala, Port Arthur, for appellant.

C. M. Bradford, Hustmyre & Harris, Orange, for appellees.

McNEILL, Justice.

This is an action by appellant W. T. Burton Company, Inc., against appellees, Keown Contracting Company and Keown Supply Company, to recover upon an endorsement placed by appellees upon three certain due bills or non-negotiable notes executed by Texas Portland Cement Company, payable to Keown Contracting Company. Before trial the parties, under Rule 263, Texas Rules of Civil Procedure, made an agreed statement of facts and filed it with the clerk. The statement provided that there was no issue of fact to be submitted to a jury, and the only issue was the legal one of whether appellees, as assignors of the due bills, were liable to appellant as assignee. Motion was made by appellant for judgment upon the agreed case; but the trial court overruled appellant's motion, and over its objection heard oral testimony to the effect that when the endorsement and assignment of the notes were made it was agreed between the parties that appellant would not hold appellees liable for nonpayment of the notes or due bills. This issue was submitted to the jury and the jury found that such an agreement existed. Thereupon appellant filed its motion for judgment non obstante veredicto, which was overruled, and the court rendered judgment for appellees.

Appellant urges five points here, all of which are to the effect that since the parties stipulated as to the facts, entered into

an agreement thereon as provided in Rule 263, T.R.C.P., and expressly stated there was no issue of facts to be submitted to a jury, the court erred in considering any evidence or testimony outside of the said agreed facts and erred in submitting such question to the jury, and in failing to render judgment for appellant. Appellees contend in answer to this that the trial court correctly heard evidence and submitted the issue since there was an irreconcilable conflict in the agreed case between the legal effect of endorsement of the instruments involved and the written assignment of the instruments which accompanied the transfer of the notes to appellant.

■ It has been held in numerous cases that the court is not warranted in disregarding the agreed statement of facts made by the parties under Rule 263, supra, but must decide the case thereon. Wyss et al. v. Bookman (Com.App.), 235 S.W. 567; Cousins v. Cousins, Tex.Civ.App., 42 S.W.2d 1043; Aetna Life Ins. Co. v. Smith, Tex.Civ.App., 293 S.W. 243; 3 Tex.Jur.2d 4. Of course, if there is a irreconcilable conflict between material facts in an agreed case so that one such fact would dictate a judgment for plaintiff while the other would dictate a judgment for defendant, and the conflict could not be resolved otherwise, the trial court probably could not render judgment without some testimony or evidence that would change the situation. However, no written evidence was offered at the hearing on the issue submitted in the present case but only the parol testimony of two witnesses. While this testimony has been held inadmissible, Evans v. Swartz, Tex.Civ.App., 264 S.W. 234, as being in conflict with the endorsement, objection to this testimony was not made on this ground but upon the ground that it was at variance with the agreed stipulations. We think the objection made was good. But appellees insist there is an irreconcilable conflict between the duties created in the two writings.

■ Was there such conflict between the liability imposed by the endorsement on the back of the notes and the liability created by the written assignment as to justify evidence being heard? In order to properly present the question, we copy the endorsement on the notes:

"Pay to the order of W. T. BURTON COMPANY, INC.

KEOWN SUPPLY COMPANY
By: Alvin V. Keown
_____President_____
KEOWN CONTRACTING COMPANY
By: Alvin V. Keown
_____President"_____

The assignment reads:

"STATE OF LOUISIANA
PARISH OF CALCASIEU:

"NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, THAT:

"KEOWN CONTRACTING COMPANY, in consideration of the sum of ONE DOLLAR cash in hand paid and other valuable considerations, does hereby collaterally ASSIGN, TRANSFER AND SET OVER, unto W. T. Burton Company, Inc., all of Assignor's right, title and interest in and to those certain Due Bills, to-wit:

| | |
|---|---|
| Due Bill #18—dated August 1, 1956 | $14,803.20 |
| Due Bill #19—dated September 1, 1956 | 9,600.00 |
| Due Bill #22—dated October 3, 1956 | 1,080.00 |

in the total amount of TWENTY-FIVE THOUSAND FOUR HUNDRED EIGHTY-THREE and 20/100 ($25,483.20) DOLLARS issued by the TEXAS PORTLAND CEMENT COMPANY of Orange, Texas to KEOWN CONTRACTING COMPANY of Orange, Texas.

"The undersigned warrants that there has been no prior or superior protected assignment of said Due Bills or any part thereof; and that he has the right to receive the full amount thereof; in accordance with the terms thereof.

"The undersigned agrees to mark all ledger sheets or other records to show that said account receivable has been assigned to W. T. BURTON COMPANY, INC., by this instrument; and the undersigned further agree that ASSIGNEE may notify in writing the obligor of said due bills of the assignment and have payment made directly to said Assignee.

"Executed this 3rd day of October, A.D. 1956.

"KEOWN CONTRACTING
COMPANY
By: Alvin V. Keown
Alvin V. Keown, President

KEOWN SUPPLY COMPANY
By: Alvin V. KEOWN
Alvin V. Keown, President"

Art. 571, R.C.S.1925, provides that the assignee of a non-negotiable instrument shall be entitled to recover from any previous assignor thereof, but in order to hold the assignor or endorser as surety for the payment of the instrument Art. 570 provides that the assignee shall use due diligence to collect the same from the maker. By their endorsement of the due bills sued upon appellees became liable as sureties for the payment thereof. The question of due diligence is not involved, as after the issuance of these due bills by it the Texas Portland Cement Company was placed in reorganization proceedings by the U. S. District Court for the Eastern District of Texas in 1958. After these notes were transferred to appellant, all creditors were enjoined by that court from bringing suit against Texas Portland Cement Company upon any debt held. However, claim on these notes or due bills has been properly filed with the Receivers in the Federal Court as provided by law.

Whether the transferor of a non-negotiable instrument endorsed the note itself is immaterial upon the question of liability for payment thereof for the reason that Art. 571 provides that the assignor of such instrument is liable. See 9 Tex.Jur.2d 94–96. We take this to mean that any person making a written assignment of such instrument becomes liable as surety for payment thereof unless he qualifies his liability by the phrase "without recourse" or words of similar import. Appellees argue that they, in effect, did qualify their liability as reflected in the written assignment; that the only warranty made in the assignment was that there had been no prior or superior protected assignment of said due bills and that the assignor had the right to receive the full amount thereof, and they conclude from this that this is in direct conflict with the effect of their endorsement. We think it follows from the statutes mentioned that ordinarily either the assignor or one who endorses a non-negotiable note in effect says "if the holder cannot, by using due diligence, obtain payment from the maker I will pay." See, also, 79 A.L.R. 721; 10 C.J.S. Bills and Notes § 30, page 440. The warranty in the assignment that no prior or superior assignment had been made does not conflict with the duty to pay the note if the maker does not. And the warranty that the full amount is due thereon in no way conflicts with the obligation to pay if the maker does not. In view of the fact that the notes were non-negotiable the two obligations of the assignors as stated in the assignment were added to protect against any claimed offset of the maker or other claimants of the notes.

Appellees advance the further argument that since the assignment does not, in words, transfer the notes, but only "assignors' right, title and interest" therein, this instrument was in the nature only of a quitclaim to the obligations and not a delivery of the full title thereto and that by virtue of this qualification appellees should not be held for nonpayment of the due bills. We have found no case involving a non-negotiable note

using such language (unless the Behrens-Kirkgard case, infra, is one), but have found several interesting cases involving negotiable instruments with the same or similar language used. There are two lines of holding, one that such language modifies the endorsement, the other that such language does not modify the endorsement. The Mississippi case of Divelbiss v. Burns et al., 161 Miss. 724, 138 So. 346, sets forth the two groups of holdings. The Supreme Court of Mississippi in this case says:

"The decisions are in direct conflict upon the point. The following cases sustain the contention that such an indorsement is a special or qualified indorsement, is a simple assignment without recourse: (citing cases). The argument of those cases is that, since an indorsement in blank, by the signature alone, is all that is necessary to express a general indorsement, then why use so many additional words if a general indorsement was intended, that something more than the intention to incumber the paper with useless language must be ascribed to the parties; and that, since in using the additional words only the terms of a simple assignment are expressed, the contract must be construed as limited to those words. These cases apply, therefore, the maxim, 'Expressio unius est exclusio alterius.'"

The court states (138 So. p. 347): "The following cases maintain the opposite view", citing a number of cases, including Behrens v. Kirkgard, Tex.Civ.App., 143 S.W. 698. After these citations it is there said:

"The argument of those cases is that the signature of a payee indorsed on a note operates, in law, to connect the said party therewith in three relations: (1) As a warrantor of genuineness and of right and title; (2) as an assignor; and (3) as an obligor for the payment of the note if the payer fails to pay. When, therefore, the indorser uses additional words expressive simply of assignment, which the law already at-taches to his signature without the words so used, the words are in effect surplusage; and there is applied the maxim, 'Expressio eorum quae tacite insunt nihil operatur'—the expression of what is implied without the expression is inoperative, or, as sometimes stated, the expression of that which the law implies works nothing. Since the indorser, in expressing the fact in additional words that he assigns or had assigned the note, expresses in that respect what the law in that same respect ascribes to his signature, and since such words do not in terms negative the other implication imported into the transaction by force of the law, the cases last cited hold that the implications of law other than the assignment are not thereby excluded. The weight of authority, as well as the majority of the text-writers, take the view sustained by the line of cases last cited."

The case of Fay v. Witte, 262 N.Y. 215, 186 N.E. 678, indicates the same divergence between the different courts and adheres to the majority rule. Behrens v. Kirkgard, supra, follows the majority rule and we are persuaded to do so in this case. The endorsement and assignment should be construed together. Stubblefield v. Cooper, Tex.Civ.App., 37 S.W.2d 818; 10 C.J.S. Bills and Notes §§ 44, 184, pages 482, 679; 9 Tex.Jur.2d 63. So doing, we can find no conflict between the guaranty as surety on the note and the additional warranties made in the assignment.

We have treated the appellee Keown Supply Company as being in the same category as the Keown Contracting Company, as the agreed statement makes no distinction between the position of the two and while the assignment is not clear, the supply company must have had some interest in the due bills for otherwise there would not appear to be any explanation of its joinder therein. It should be said also that while the assignment uses the word "collaterally" in

the transferring clause, this was evidently surplusage.

Since we conclude appellees are liable as sureties on the obligations sued upon, the judgment of the lower court is reversed. It will be the order of this court that appellant recover of appellees the sum of $25,278.99 (the total of said notes less $204.21 paid on principal), together with interest at the rate of 5% per annum (as provided in notes) from August 1, 1956 on the note for $14,803.20, and interest at the rate of 5% per annum from September 1, 1956, on the note for $9,600.00, and interest at the rate of 5% per annum from October 3, 1956, on the note for $1,080.00, which totals to date $6,588.70, less the sum of $1,437.03 payments heretofore made on such interest, leaving the net amount of past due interest in the sum of $5,151.67, which added to the balance owing on the principal, totals $30,430.66 for which amount judgment will be rendered with interest on such sum from date of judgment at the rate of 6% per annum (as provided in Art. 5072, Vernon's Ann.Civ.St.) until paid, and all costs of suit.

Reversed and rendered.

STEPHENSON, J., did not participate in deliberations upon, nor the decision in this case.

## ON MOTION FOR REHEARING

McNEILL, Justice.

It is made to appear in appellees' motion for rehearing that after this cause was disposed of in the trial court, in the reorganization proceedings in the U. S. District Court mentioned in the original opinion, application was made by the trustees to reduce the principal amount of the due bills involved by 20 per cent. It is claimed that notice of this application was given to appellant but none to appellees, and the latter did not participate in such hearing; and that as a result of the hearing the U. S. District Court reduced the amount of the bills by said 20 per cent and appellees now assert that they are entitled to a reduction of liability in a similar amount. Appellees also argue since the Federal Court in its proceeding has disallowed interest on the obligations from the date the matter was placed in reorganization proceedings, that interest likewise should not be allowed in any judgment rendered against them. Appellant's answer to this motion does not deny that a reduction was made by the Federal Court, but replies that since the matter took place after the trial below and it not being a part of the present record, no notice can be taken of it.

Appellant's position is correct. It has been often held that matters presented for the first time in a motion for rehearing cannot be considered. 3 Tex.Jur.2d pp. 651, 652. As stated in the original opinion, this record is here on an agreed case and in the absence of mutual mistake or fraud it is binding. 3 Tex.Jur.2d pp. 4 and 5.

No mention was made in the original opinion of the right to ownership by appellees of the due bills, in the event they discharged the judgment, as it was thought that such right necessarily followed. 10 C.J.S. Bills and Notes § 449, page 986. However, the motion prays that such right of subrogation be provided for. It is therefore ordered that in the event appellees shall discharge the judgment in favor of appellant, they shall be subrogated to all rights of appellant in said due bills.

Motion for rehearing is overruled.

STEPHENSON, J., not sitting.