Allen Murray Myers, J.
Plaintiff brings on a motion for summary judgment in lieu of complaint pursuant to CPLR 3213 against an insurance broker on five separate ‘ ‘ Premium Finance Agreements ” prepared, printed and distributed by plaintiff, a licensed premium finance agency.
*523 The plaintiff alleges that each of the agreements is a note made and delivered by an insured to his broker to finance the payment of his insurance premiums through plaintiff. The broker is the payee and the plaintiff finance agency, the holder. The insured has defaulted on the payment of each of the instruments and the finance agency now seeks to hold the broker, who has assigned his rights under the instrument, as an indorser, on the basis of the following statement in a box on the lower left-hand corner of the instrument, over the broker’s signature: “For value received, the undersigned assigns to the standard premium plan corporation, subject to their acceptance of such assignment, all right, title and interest in this note, all sums payable thereunder, and the collateral security referred to therein and warrants the validity of said note and the truth of the facts contained therein, and that the insured has received a completed copy of the note.”
The broker claims that to imply from the above that he was an indorser would be unjust because the understanding between the parties was that he was to be held merely as an assignor in accordance with the express wording of the assignment and not as an implied indorser by virtue of subdivision (4) of section 3-202 of the Uniform Commercial Code.
The issue before the court is whether the assignment by the broker to plaintiff shall be implied to be “ with recourse ” as the Uniform Commercial Code would require if it were a conventional promissory note, or “ without recourse ” as the Banking Law, which governs such an assignment, seems to require.
The instrument, a “Premium Finance Agreement ”, is specifically created by article XII-B of the Banking Law for the purpose of financing the payment of insurance premiums. The article authorizes and controls such agreements by licensing premium finance agencies, providing for enforcement procedures and limiting the transfer of the instrument (§ 566, subd. 2). Form is controlled down to the size of the type used in the various clauses (§ 567).
Subdivision (8) of section 554 of the Banking Law provides that whenever ‘1 Premium Finance Agreement ’ ’ is referred to it means ‘ ‘ a promissory note or other written agreement ’ ’ by which an insured agrees to repay moneys advanced or to be advanced to him for the payment of insurance premiums. In either instance, the Banking Law mandates that the instrument be labeled a “ Premium Finance Agreement ”.
If such a note is made payable to an insurance broker or agent who is not licensed as a premium finance agency, the statute provides that it must be payable at the office of a licensed *524 premium finance agency named in the agreement, “ to whom the agreement is by its terms to be and is subsequently assigned ’ ’ (§ 554, subd. 8; emphasis added). Therefore, the defendant broker was required by law to assign the “ Agreement ”* to the plaintiff.
The actual transfer of the “Agreement” from the broker to the plaintiff is controlled by subdivision 2 of section 566 of the Banking Law, which provides: “2. Notwithstanding any contrary provisions of the personal property law, banking law or other law: “ (a) * * * a premium finance agency may purchase or otherwise acquire a premium finance agreement, provided that it conforms to this article in all respects, from an insurance agent or broker or another premium finance agency with recourse against the agent, broker or agency on such terms and conditions as may be mutually agreed upon ” (emphasis added).
This means that the assigning broker can only be held as an indorser “with recourse ” upon an express agreement to that effect; the provisions of the Uniform 'Commercial Code to the contrary notwithstanding.
Fay v. Witte (262 N. Y. 215) is inapplicable to the transaction here involved. That case applied to a transfer of a conventional negotiable instrument governed by the Negotiable Instruments Law (now the Uniform Commercial Code), whereas the transfer at issue here is of a new instrument created and governed by article XII-B of the Banking Law.
Accordingly, there being no express agreement by the broker to be held “ with recourse ”, he is liable merely as an assignor and not as an indorser.
A broker cannot be held as an indorser by implication in an article XII-B finance agreement.
The court notes that even if this transaction were the typical note situation, plaintiff has not satisfied the conditions precedent to holding the broker as an indorser, namely, making proper presentment for payment and giving the indorser due notice of dishonor (Uniform Commercial Code, § 3-501, subd. [1] , par. [b]; § 3-501, subd. [2], par. [a]; §§ 3-503, 3-508, subd. [2] ).
Plaintiff’s motion for summary judgment is denied and it is granted leave to serve a complaint.

 All references to “ Agreement ” hereafter refer to a “ Premium Finance Agreement ”